FRANCIS KIERNAN v. NEW JERSEY ICE COMPANY.

Submitted July 7, 1905—Decided June 11, 1906.

A servant in charge of an ice-wagon, without authority to do so, gave permission to a person to take a piece of ice from the wagon, and then, while the person was in the act of taking the piece of ice, the servant assaulted him. *Held*, that the master was not responsible for the assault.

On error to Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, PITNEY and REED.

For the plaintiff in error, *Brinkerhoff & Fielder*.

For the defendant in error, *Alexander Simpson*.

The opinion of the court was delivered by

REED, J.   The plaintiff, a boy of fifteen years, was injured by being thrown from an ice-wagon, belonging to the defendant, by a man named Lahey.

The wagon was standing in an open yard used by the defendant. Lahey had charge of the horses, which had been detached from the wagon, and was apparently leading them towards the stable. The boy was playing ball with some other boys in some lots across the street from this yard. The ball was batted over into the street. The plaintiff went after the ball, and when in or near the yard asked Lahey if he could have a piece of ice, and Lahey nodded "Yes." The plaintiff climbed upon the steps of the wagon and got a piece of ice, when Lahey ran to him, grabbed him by the back of the neck and threw him off the wagon. The lad fell against a stump, breaking his arm.

This is the testimony of the plaintiff and his witnesses, no witnesses being offered on behalf of the defendant.

We think, from the testimony, the jury could have drawn the conclusion that Lahey was in charge of the ice-wagon, and that it was within the scope of his employment to prevent the abstraction of ice and to remove trespassers from the wagon.

From the testimony the jury could have found that Lahey used excessive violence in removing this boy from the wagon. But by the testimony of the plaintiff and his witnesses, the boy was invited by Lahey to take ice, and while he was in the act of so doing he was assaulted.

There is nothing to show that Lahey had any express or implied authority from the defendant to permit anyone to take ice gratuitously from its wagon. Therefore, when Lahey gave such permission he did it on his own responsibility, and not as a servant of the defendant.

A servant, in extending an unauthorized invitation to a person to ride upon a dumpcart (*Driscoll* v. *Scanlon,* 165 *Mass.* 348; *Morris* v. *Brown,* 111 *N. Y.* 318), or to ride upon a handcar (*Hoar* v. *Maine Central Railroad Co.,* 70 *Me.* 65), or to a child to ride upon a trolley car (*Finley* v. *Hudson Electric Railway Co.,* 64 *Hun* 373), or upon a gravel train or freight car (*Flower* v. *Pennsylvania Railroad Co.,* 69 *Pa. St.* 210; *Kealing* v. *Michigan Central Railroad Co.,* 97 *Mich.* 154; *Smith* v. *Louisville Railroad Co.,* 124 *Ind.* 394), is not

acting within the scope of his authority, and if the invited person is injured the master is not liable.

The only way by which the defendant could be held liable for the injury in the present instance is upon the theory that the invitation by Lahey is to be entirely disregarded in the transaction.

In other words, the theory is this: That Lahey, having no authority to extend to the plaintiff a license to take the ice, therefore when the latter got upon the steps of the wagon he stood as any other trespasser, and Lahey, notwithstanding his invitation, having still the authority to prevent trespassing and remove trespassers, represented the defendant when he threw the plaintiff from the wagon-steps.

Now, admitting that the jury had sufficient testimony from which to draw the conclusion that Lahey was possessed of authority to protect the ice carried in his wagon and to keep trespassers from the wagon itself, the question is whether it was within the scope of his authority to create the condition which he was authorized to prevent, and then to represent the company in abolishing those conditions?

It is apparent that, according to the plaintiff's testimony, there would have been no trespass had there been no invitation. The plaintiff was doing the very act which Lahey had licensed him to do, and nothing more. No cause for ejecting the plaintiff arose except that which Lahey had brought about.

If a servant employed to keep a yard or wharf free from trespassers should challenge another to come within the limits of such property and fight, and during or at the close of the fight he should throw his adversary from the property, injuring him, it would hardly be contended that the servant was acting within the scope of his employment. Although the injured person was a trespasser, and engaged in a breach of the peace upon the property of the master, nevertheless the transaction would obviously be the affair of the servant alone, for the result of which he alone would be responsible.

So it seems in the present case that, according to the account given by the plaintiff, Lahey enticed the plaintiff to commit the trespass for which he was ejected; that such en-

ticement was for a purpose personal to Lahey; that his subsequent conduct is a part of the same transaction, and that the whole transaction cannot be said to have occurred in the execution of any portion of the business of the company devolved upon Lahey. Therefore for his act the defendant is not responsible.

Judgment should be reversed.