FRED HARRINGTON *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.    November 13, 14, 1912. — January 28, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Railroad,* Duties of freight brakeman. *Agency,* Scope of authority.

It is not within the scope of the employment of a brakeman on a freight train, which is in charge of a conductor, to eject from the train a trespasser who is stealing a ride.

TORT for personal injuries sustained by the plaintiff on March 18, 1908, when he was a trespasser on a freight train of the defendant, alleged to have been caused by the wanton or reckless action of a freight brakeman of the defendant in throwing or pushing the plaintiff from the train when it was moving at a high rate of speed. Writ dated March 19, 1909.

In the Superior Court the case was tried before *Raymond, J.,*
who refused to order a verdict for the defendant or to rule that on
all the evidence the plaintiff could not recover.  The defendant
then asked the court to rule that the evidence was not sufficient
to warrant the jury in finding that it was within the scope of the
freight brakeman's authority to eject the plaintiff from the train.
The judge refused to make this ruling, and submitted the case to
the jury, who returned a verdict for the plaintiff in the sum of
$4,250.  The defendant alleged exceptions.

*A. R. Tisdale,* for the defendant.

*R. H. Sherman,* for the plaintiff.

HAMMOND, J.   At the close of the evidence the trial judge re-
fused to rule, as requested by the defendant, that the evidence
was "not sufficient to warrant the jury in finding that it was within
the scope of the freight brakeman's authority to eject the plaintiff
from the train;" and the sole question here presented is whether
this refusal was error.

The train was a regular freight train.  There were upon it the
engineer and the fireman, whose stations were upon the engine,
the conductor, who was in charge of the train, and two brakemen,
called respectively the head brakeman and the rear brakeman.
There was also upon the train a conductor of another railroad
"travelling in charge of perishable freight," but he does not seem
to have had any duty or authority as to the management of the
train, or, indeed, to have been in any way a servant of the defend-
ant.  The plaintiff was "stealing a ride," and hence a trespasser.

In support of his contention that in ejecting him from the train
Bodah, the offending brakeman, was acting within the scope of
his authority, the plaintiff relies in the first place upon the general
proposition that a brakeman upon a freight train, is, by virtue of
his position as such, vested with authority to remove trespassers.

It never has been decided that such is the law in this Common-
wealth, although some allusion has been made to this question.
In *Planz* v. *Boston & Albany Railroad,* 157 Mass. 377, 380, which
was a freight train case, Knowlton, J., said: "It does not expressly
appear to have been within the scope of the brakeman's employ-
ment to order persons found riding on the train without leave to
get off, and it has sometimes been held that an ordinary brakeman
of a freight train has no authority to give such an order. . . .

But in considering this case we prefer to assume in favor of the plaintiff, without deciding, that it was a question of fact for the jury whether Walton, from his general employment as a brakeman, had authority to represent the defendant in ordering a trespasser to leave the train." In *Mugford v. Boston & Maine Railroad*, 173 Mass. 10, which was also a freight train case, Holmes, J., says, "If we assume, without deciding, that the brakeman was acting within the scope of his authority." Each of these cases was decided for the defendant on other grounds, and in each as above stated the train was a freight train. In *Bjornquist v. Boston & Albany Railroad*, 185 Mass. 130, cars were being moved about in the freight yard, and the brakeman was acting in the management of them just before the accident, and it "[did] not appear that any other person was employed at that time in the control of them." Under these circumstances the court said: "If we assume that he was in charge of the cars, it was his duty to do all that he reasonably could to keep trespassers away from them." This case also was decided for the defendant on other grounds. In *McKeon v. New York, New Haven, & Hartford Railroad*, 183 Mass. 271, which was an action for injuries received by being ejected from a passenger train, it was said that while the duties of a brakeman primarily relate, as his name implies, to the management of the brakes, common observation shows that on passenger trains they embrace much more, in that he is required to look after the safety and comfort of passengers, to protect the property of the company, and to see that fares are not evaded; and such were the rules of the company. It was therefore held that it was within the scope of his authority to remove the plaintiff in a lawful manner from the platform if he was there for the purpose of evading his fare. But the case was distinguishable from the case of a brakeman upon a freight train, the court saying (p. 275): "It is manifest that the duties of a brakeman on a freight train would or might be different from those of a brakeman on a passenger train."

When we look to the decisions in other jurisdictions we find a conflict of authority. We do not deem it necessary to go over them in detail. Those which favor the general proposition seem to rest upon the doctrine adopted by them that "wherever a railway servant is put in charge of any property of the railway, as

a station master in charge of a station, or a conductor in charge of a train, or an engine driver or fireman in charge of an engine, or a brakeman in charge of a car, that servant is necessarily charged with the duty of protecting that particular property, and he is, therefore, for that purpose vested with an implied authority to remove trespassers therefrom." See for example *Brevig* v. *Chicago, St. Paul, Minneapolis & Omaha Railway,* 64 Minn. 168, 172. Those opposed to the proposition maintain in substance that this doctrine is not applicable in the case of a freight train where there is a conductor, that this business has no reference to passengers or the payment of fare, that the conductor is the person presumably in charge of the train and there is no reason for the presumption in such a case that any of the subordinates like brakemen are. See for example *Farber* v. *Missouri Pacific Railway,* 116 Mo. 81, and also *Chicago, Rock Island & Pacific Railway* v. *Brackman,* 78 Ill. App. 141, where there is a good review of the authorities on each side.

On the whole we think that on principle and the weight of authority the proposition that in a case like the present there is a presumption that the brakeman as such is vested with the authority to remove trespassers is not sound. For some of the leading cases where the question is discussed, some one way and some the other, see in addition to the cases above named, *Marion* v. *Chicago, Rock Island & Pacific Railway,* 59 Iowa, 428; *International & Great Northern Railway* v. *Anderson,* 82 Texas, 516; *Chesapeake & Ohio Railway* v. *Anderson,* 93 Va. 650; *Towanda Coal Co.* v. *Heeman,* 86 Penn. St. 418; *Dixon* v. *Northern Pacific Railway,* 37 Wash. 310; *Kansas City, Fort Scott & Gulf Railroad* v. *Kelly,* 36 Kans. 655; *Northwestern Railroad* v. *Hack,* 66 Ill. 238; *Hoffman* v. *New York Central & Hudson River Railroad,* 87 N. Y. 25; *Smith* v. *Louisville & Nashville Railroad,* 95 Ky. 11. See also 3 Elliott on Railroads, (2d ed.) § 1255, and cases cited in the notes, and Wood on Railroads, (2d ed.) § 316.

It is further contended however by the plaintiff that even if that be so, still there was evidence that in this particular case Bodah had such authority. No such authority is found in the rules of the company. Indeed so far as they have any bearing directly or indirectly upon the matter they point in the opposite direction. Rule 712 provides that enginemen shall not allow any

person to ride upon their engine except in certain cases therein specified. Rule 668 provides that, with certain exceptions not here material, conductors of freight trains shall not allow any person to ride on their trains. There are several rules defining the duties of brakemen, but none of them provides that they are in charge of any car.

And without going over the other evidence in detail it is sufficient to say that it does not warrant a finding that Bodah ever had authority from the conductor or anybody else to eject the plaintiff from the car. The act is not shown to have been within the scope of his employment.

The refusal, therefore, to give the ruling requested was error.

*Exceptions sustained.*