### GIOVANNI LAMANNA *vs.* AMERICAN EXPRESS COMPANY.

Middlesex.    May 13, 1918. — June 25, 1918.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Agency*, Scope of employment.

If a porter in the employ of an express company at a railroad station, who in the course of his duty is carrying a loaded revolver in a holster, when he is resting at the stand of a bootblack is asked by one of two bootblacks there whether a cartridge which that bootblack has in his possession will fit his revolver, and thereupon the porter draws the revolver from the holster and as he does so the revolver goes off and the other bootblack is shot in the leg, the injured bootblack cannot maintain an action against the express company employing the porter for his injuries thus sustained, because there is no evidence for the jury that the porter in drawing the revolver from the holster was acting in the course of his employment.

TORT for personal injuries sustained on June 10, 1915, from being shot in the leg by a revolver alleged to have been handled negligently by a servant of the defendant and which such servant was required by the defendant to carry while in the performance of his duties.    Writ dated January 5, 1916.

In the Superior Court the case was tried before *King*, J. The plaintiff testified that in June, 1915, he was employed at the railroad station in Lowell as a bootblack and had been employed there since 1910; that on June 10, 1915, at about half past four o'clock in the afternoon he was at his place of business, not working at the time but standing at the place of his work, where there were two shoe shining stands, which stood outside the station in the archway; that there was a little chair between the two shoe shining stands and that he was sitting there, and Dominic Digiorgio, who worked with him, was standing at his right between the two foot rests of one of the stands; that at about that time there was a train due going north; that Henry O'Brien, who was employed by the American Express Company, pulled up his truck as usual and, leaving it against a post, came over to them and sat down on the left of the plaintiff between the two foot rests of the double polishing stand; that O'Brien picked up a newspaper that was on a chair

and started to read it, and Dominic Digiorgio happened to have in his possession a cartridge and he pulled it out and said, "Henry, will this fit your revolver?"; that O'Brien took it in his hand and said, "No this would n't do because this is for a rifle, and not for a revolver," and at the same time he turned round and said to the plaintiff, "Get out of that chair and let me sit there, I want to try this on;" that the plaintiff got out of the little chair and let him sit there, and at one instant he pulled out his revolver and off it went, and the bullet went through the plaintiff's right leg.

O'Brien testified "that in June, 1915, he was employed by the American Express Company and had been working for them for about three years; that at the time of the accident he was employed as a porter, his duties being to take stuff from trains and take it into the freight house, checking it up and taking stuff from the freight house to the trains; that at the time he had been working on porter duty for about five months; that while on duty he carried fire arms when taking money from messengers on the trains back into the office; that he would carry the gun twelve or fifteen times a day; . . . that on the day of the accident he secured the gun at about twenty-five minutes to five and had it five to eight minutes while he was waiting for the train to come in; that on that day he just took and put the money bag and put the belt round him, walked out and got the truck and stopped in front of the archway waiting for the train to come in; and went over and sat down and commenced to read the paper; and Dominic asked him if a bullet would fit the revolver and he said, 'No;' that he was sitting down and he got up and asked the plaintiff to let him sit in his chair; and he sat down in the chair and went to take the gun out of the holster and off it went almost instantly."

Dominic Digiorgio testified substantially to the same effect. He testified that he "happened to have a little cartridge in his pocket which someone gave him who had found it and he asked O'Brien, 'Will this fit your revolver?'"

At the close of the evidence the defendant made a motion that the court order the jury to return a verdict for the defendant for the following reasons:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. There is no evidence that the defendant was negligent.

"3. There is no evidence that the defendant's employee O'Brien

was acting within the scope of his duty as an employee in handling the revolver at the time of the accident."

The judge ruled that the action could not be maintained; but, after conference with counsel, submitted the case to the jury for the assessment of damages. The jury assessed damages for the plaintiff in the sum of $500, and the judge reported the case for determination by this court, it being stipulated by the parties that, if the case should have been submitted to the jury, judgment was to be entered for the plaintiff in the sum of $500; otherwise, judgment was to be entered for the defendant.

The case was submitted on briefs.

*A. M. Pinkham,* for the defendant.

*J. J. Kerwin & J. C. Reilly,* for the plaintiff.

LORING, J. The count on which the plaintiff went to trial was a count alleging that he was shot by one O'Brien through the carelessness and negligence of O'Brien in handling a revolver in the course of his employment as a servant of the defendant. The evidence went no further than to warrant the jury in finding that a third person asked O'Brien to see whether a cartridge which he had picked up would fit the revolver O'Brien was carrying in a holster through this belt in the course of his employment as the defendant's servant; that thereupon O'Brien drew the revolver from the holster and that as he did so the revolver went off and the plaintiff was shot in the leg. On this evidence the jury were not warranted in finding that in drawing the revolver from the holster O'Brien was acting in the course of his employment as a servant of the defendant.

In accordance with the terms of the report the entry must be

*Judgment for the defendant.*