CHARLES E. SEABOYER, administrator, *vs.* DIRECTOR GENERAL OF RAILROADS.

Middlesex.   December 7, 8, 1922. — February 28, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Agency*, Scope of employment.   *Evidence*, Presumptions and burden of proof. *Motor Vehicle*.

Where, at the trial of an action for personal injuries and death alleged to have been caused by negligence of an employee of the defendant, there is no evidence tending to show that in committing the act of negligence the employee was acting within the scope of his employment and his testimony tends to show that he was not so acting, a verdict for the defendant properly may be ordered.

In an action for personal injuries and death caused by negligence of an employee of the Director General of Railroads, the defendant, in the operation of an electric express truck, mere ownership of the truck by the defendant is not sufficient to fasten liability upon the defendant where there is no evidence tending to show that in operating the truck the employee was acting within the scope of his employment.

At the trial above described, there were in evidence rules of the defendant prohibiting the operation of trucks by helpers and, except in circumstances not here material, by others than licensed operators.   The employee, with whose negligence it was sought to charge the defendant, was a helper and was not a licensed operator.   When the accident occurred, the regular operator had gone to the defendant's office to turn in his money.   Evidence was admitted tending to show that the negligent helper had driven the truck on one occasion about a week before the accident in issue when the regular operator was on the truck; and another helper testified that he moved a truck upon which he was helper to the parking place alone all the time, that no one gave him the privilege of operating a car without a license, and that he had seen others, mostly helpers, moving trucks and taking them alone to the parking place when the regular drivers were turning in their money.   *Held*, that the evidence did not warrant a finding that the rule to the effect that trucks could not be operated by one without a chauffeur's license had been waived or had become a dead letter.

TORT, originally against American Railway Express Company, and later by amendment against "James C. Davis, Agent for Director General under Transportation Act of 1920," for conscious suffering and the causing of the death of Louis Seaboyer, the plaintiff's intestate, who was crushed between motor trucks of the defendant upon its premises adjoining Haverhill Street and beside the North Station in Boston.   Writ dated August 12, 1919.

In the Superior Court, the action was tried before *Hall*, C.J.

Material evidence is described in the opinion. At the close of the evidence, upon motion by the defendant, a verdict was ordered for the defendant and the Chief Justice reported the action for determination by this court upon the stipulation that, if the plaintiff was entitled to go to the jury on the counts for conscious suffering, judgment for the sum of $500 was to be entered for him; if not, judgment was to be entered for the defendant on those counts. If the plaintiff was entitled to go to the jury on the counts for death, judgment was to be entered for him in the sum of $7,000; if not, judgment was to be entered for the defendant on the verdicts on those counts.

*W. E. Sisk & R. L. Sisk,* for the plaintiff, submitted a brief.

*A. M. Pinkham,* for the defendant.

RUGG, C.J. This is an action of tort to recover damages for the conscious suffering and death of the plaintiff's intestate, who received mortal injuries on May 31, 1919, through the negligence of one driving an electric truck by backing it with such force against a stationary truck as to cause it to be pushed upon him. The one driving the electric truck was in the employ of the defendant as helper. His testimony showed beyond doubt that in driving the electric truck he was not acting within the scope of his employment by the defendant, that he was merely a helper whose duties were to assist in loading and in unloading the truck, to watch the back of it so that nothing be stolen and to guard it and its contents and to see if there was anything in the way when the driver backed the truck, that he was not a licensed operator of motor vehicles, that one Donovan was the driver of the truck who at the time of the accident had gone to an office of the defendant to turn in his money, and that in his absence it was the duty of the helper to watch the truck but that without authority or direction from any one he, the helper, undertook to drive the truck out of the way of another truck and to a parking place and that thereby the accident occurred.

If the testimony of the helper were believed, he was acting outside the scope of his employment; if it were discredited, there was no evidence from him that he had authority to drive the truck. Mere ownership of the truck by the defendant was not sufficient to fasten liability on the defendant. *Phillips* v. *Gookin,* 231 Mass. 250. *Porcino* v. *De Stefano,* 243 Mass. 398.

The circumstance that on one occasion about a week before, when the regular operator was on the truck he had driven it, was no evidence of authority to the unlicensed helper to drive alone.

One Gillespie testified that he was an employee of the defendant as helper on a gasoline truck from February to September, 1919, and that he moved the truck upon which he was helper to the parking place alone all the time, that no one gave him the privilege of operating a car without a license, and that, subject to the defendant's exception, he had seen others, mostly helpers, moving trucks and taking them alone to the parking place when the regular drivers were turning in their money. Rules of the defendant were put in evidence to the effect that "Trucks must not be operated by other than an employee holding the required chauffeur's license, except that an employee being instructed by a licensed chauffeur officially detailed as a demonstrator or instructor, may operate vehicle under personal direction of such demonstrator or instructor" and that "Helpers should not be allowed to tamper with nor start engine."

If it be assumed without deciding that this evidence was competent, it fails to show that the defendant authorized the unlicensed helper on the electric truck to drive it alone apparently across or along a public way to a parking place. For aught that appears other helpers who took trucks to the parking place were licensed chauffeurs. The rules of the defendant were explicit. There is nothing in the record to warrant a finding that the rule to the effect that trucks could not be operated by one without a chauffeur's license had been waived or had become a dead letter. The limits of duty of the helper on the electric truck were strictly defined by the defendant. The driving of the truck was unequivocally excluded from his duty. His act in overstepping those limits did not bind the defendant. *Fleischner* v. *Durgin*, 207 Mass. 435. *Weiner* v. *Mairs*, 234 Mass. 156. *Brown* v. *Jarvis Engineering Co.* 166 Mass. 75. *McManus* v. *Thing*, 202 Mass. 11. *Harrington* v. *Boston & Maine Railroad*, 213 Mass. 338. *Douglas* v. *Holyoke Machine Co.* 233 Mass. 573. *Lamanna* v. *American Express Co.* 230 Mass. 564. *Hartnett* v. *Gryzmish*, 218 Mass. 258. *O'Rourke* v. *A-G Co. Inc.* 232 Mass. 129. Cases like *Breen* v. *Dedham Water Co.* 241 Mass. 217, are distinguishable.

*Judgment for defendant on verdicts.*