## AGNES O'LEARY *vs.* REUBEN A. FASH.

Suffolk.    March 7, 1923. — May 23. 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & PIERCE, JJ.

*Agency*, Scope of authority.   *Wanton and Reckless Misconduct.   Negligence,*
    Motor vehicle.   *Evidence*, Presumptions and burden of proof.

If the owner of a motor truck has not given to one, employed by him to drive
    the truck for the delivery of ice cream, authority to accept and transport
    a guest upon the truck, such owner cannot be held liable for personal in-
    juries caused either by wanton, wilful and reckless conduct or by gross
    negligence of the driver to a woman, who at her request was permitted by
    the driver to sit with him upon the driver's seat.   Distinguishing *Aiken*
    v. *Holyoke Street Railway*, 184 Mass. 269.
It is an obvious consequence of the principal's conduct in hiring a man to
    drive a truck in the delivery of freight that the public have no right to in-
    fer and do not understand the principal to confer upon such driver the
    authority to transport guests.   Per RUGG, C.J.
There is no implication, from the fact that one is employed to drive a freight
    truck, that he has authority from his employer to invite or to permit others
    to ride on the truck.

TORT for personal injuries suffered by the plaintiff while
riding on a truck owned by the defendant and driven by
his servant or agent.    Writ dated October 1, 1920.

The declaration is described in the opinion.    The action
was tried before *Callahan*, J., with an action by Margaret
McGrath against the same defendant, for injuries alleged
to have been received by the plaintiff when a pedestrian on
the highway.    Material evidence is described in the opinion.
At the close of the evidence, at the request of the defendant,
a verdict was ordered for the defendant; and the plaintiff
alleged exceptions.

*F. T. Doyle*, for the plaintiff.

*W. Flaherty*, (*M. C. Kelleher* with him,) for the defendant.

RUGG, C.J.    This is an action of tort to recover damages
for personal injuries sustained by the plaintiff.    There are
two counts in the plaintiff's declaration, the first alleging
that her injuries resulted from the wanton, wilful and reck-
less conduct of the defendant's servant in operating a motor

truck on which she was riding, and the second count alleging that her injuries resulted from the gross negligence of the defendant's servant in operating a motor truck on which the plaintiff was riding. The evidence in its aspect most favorable to the plaintiff tended to show that the defendant, an ice cream manufacturer, employed one Taylor as chauffeur to drive a truck in delivering ice cream; that Taylor, while driving the truck in the course of his employment, was asked by the plaintiff and a companion for a ride, and that the two women got on the truck; that the plaintiff " sat with her feet over the right hand side of the truck and there was nothing on the seat to keep her from falling off. She could only hold on to the edge of the seat with her right hand." As the driver of the truck had proceeded along his way about three quarters of a mile and was on Cambridge Street in Charlestown, a part of Boston, he drove for several hundred feet at the rate of forty to forty-five miles an hour and without checking his speed turned into an intersecting street, whereby the plaintiff was thrown off the truck and injured.

The plaintiff was a guest of the driver of the truck, who permitted her to ride with him gratuitously. As against him she could recover only by proof of gross negligence. *Massaletti* v. *Fitzroy*, 228 Mass. 487. *Flynn* v. *Lewis*, 231 Mass. 550. *Altman* v. *Aronson*, 231 Mass. 588. *Bergeron* v. *Forest*, 233 Mass. 392. *Harvey* v. *Crane*, 238 Mass. 571. Her rights against the defendant can mount no higher.

In any aspect of her case the plaintiff must show that the driver of the truck in his conduct toward her was acting within the scope of the authority conferred upon him by the defendant. It is fundamental in the law of agency that the principal is responsible for all acts of his agent within the real or apparent scope of his authority, and conversely that the principal is not responsible for the acts of his agent outside the real or apparent scope of his authority. *Brooks* v. *Shaw*, 197 Mass. 376, 380.

All the testimony in the case is to the effect that the driver of the truck had no express authority to carry the plaintiff on the truck, but on the contrary had been for-

bidden to permit anybody to ride. No such authority
arises by implication of law on the circumstances here dis-
closed. It is an obvious consequence of the principal's
conduct in hiring a man to drive a truck in the delivery of
freight that the public have no right to infer and do not
understand the principal to confer upon such driver the
authority to transport guests.

On the count for gross negligence the plaintiff cannot re-
cover. The case at bar is within the authority of numerous
decisions. It was said by Mr. Justice Holmes in *Driscoll*
v. *Scanlon*, 165 Mass. 348, with respect to a similar action,
" It was not within the scope of the employment of the driver
of the dump cart to invite persons to drive upon it for their
pleasure. *Bowler* v. *O'Connell*, 162 Mass. 319. *Powers*
v. *Boston & Maine Railroad*, 153 Mass. 188, 190. . . .The
defendant was not bound to expect or look out for people
falling from his cart, where they had no business to be, and
persons who got into it took the risk of what might happen
as against him." The difference in liability of the employer
to such a person and to one run down in the street by the
driver there was pointed out. The same rule was applied
to the unauthorized invitee in an automobile in *Walker* v.
*Fuller*, 223 Mass. 566. This principle is supported by the
great weight of authority. *Harrington* v. *Boston & Maine
Railroad*, 213 Mass. 338. *Files* v. *Boston & Albany Rail-
road*, 149 Mass. 204. *Goldberg* v. *Borden Condensed Milk Co.*
227 N. Y. 465. *Rolfe* v. *Hewett*, 227 N. Y. 486, and cases
collected at page 493. *Kiernan* v. *New Jersey Ice Co.*
45 Vroom, 175. *Schulwitz* v. *Delta Lumber Co.* 126 Mich.
559. *Hoar* v. *Maine Central Railroad*, 70 Maine, 65. *Dover*
v. *Mayes Manuf. Co.* 157 N. C. 324. *Dougherty* v. *Chicago,
Milwaukee & St. Paul Railway*, 137 Iowa, 257. To the same
point is the able dissenting opinion in *Higbee Co.* v. *Jackson,*
101 Ohio St. 75.

The plaintiff, seeking to distinguish her case from those
authorities, relies upon her count founded on wilful, wanton
and reckless conduct of the driver of the truck. She contends
that the defendant is responsible to her on this count on the
doctrine that her own want of due care, whether regarded

as contributory negligence or assumption of risk, is of no consequence. She relies in this connection on the leading case of *Aiken* v. *Holyoke Street Railway,* 184 Mass. 269, and the numerous cases which have followed it and illustrated the rule there established. The principle, on which that and like decisions rests, is that a trespasser or licensee has a right of action when suffering injury from wilful, wanton and reckless misconduct of the owner or his agents acting within the real or apparent scope of his authority, and that in such case contributory negligence or want of due care constitute no defence. *Bjornquist* v. *Boston & Albany Railroad,* 185 Mass. 130. *Banks* v. *Braman,* 188 Mass. 367. *Romana* v. *Boston Elevated Railway,* 218 Mass. 76, 82. *Robbins* v. *Athol Gas & Electric Co.* 236 Mass. 387. *Prondecka* v. *Turners Falls Power & Electric Co.* 238 Mass. 239, 242; *S. C.* 241 Mass. 100. *Adamowicz* v. *Newburyport Gas & Electric Co.* 238 Mass. 244, 246. *Hafey* v. *Turners Falls Power & Electric Co.* 240 Mass. 155.

That principle has no application to the facts here disclosed, because the plaintiff fails to show that the driver of the truck in any part of his conduct toward her was acting within the scope of his authority as agent for the defendant. The plaintiff sought to be carried on a vehicle manifestly not adapted to transportation of passengers.

An agent binds his principal only as to acts within the real or apparent scope of his authority. There is no implication from the fact that one is employed to drive a freight truck that he has authority from his employer to invite or to permit others to ride on the truck. The chauffeur in the case at bar, in permitting or inviting the plaintiff to ride on the truck, was not pursuing any business of his employer but an independant and private purpose of his own. He was acting as his own master and not as the servant of the defendant. He was wholly outside the scope of his employment by the defendant both as to acceding to her request for a ride and as to the manner of his compliance with that request to carry her on her way.

The defendant owed no duty to the plaintiff. The latter was not on his truck by his invitation or by the invitation

of any one authorized to act for him.  So far as concerns the plaintiff and her presence on his truck, it is in law a matter of indifference to the defendant whether the driver of the truck exercised due care or was grossly negligent or was guilty of wanton or reckless conduct.  Every element entering into the conduct of the driver with reference to the plaintiff was disconnected with the trust reposed in him by the defendant.  As to the plaintiff under the circumstances here disclosed, the driver from the beginning to the end of his relations with her was acting outside the scope of the authority conferred expressly or impliedly upon him by the defendant arising out of the employment.  Hence the defendant is not responsible for his conduct.  The driver was not the agent of the defendant in that particular.  Of course the driver was in charge of the defendant's truck and as to the general public he was the agent of the defendant in driving it.  The very conduct which injured the plaintiff caused injury to a traveller on the highway, for which the defendant rightly could be held responsible.  *McGrath* v. *Fash*, 244 Mass. 327.

This branch of the case also is covered by the principle as stated in *Driscoll* v. *Scanlon*, 165 Mass. 348.  It is within the authority of numerous other cases.  For example, it was held in *Brown* v. *Boston Ice Co.* 178 Mass. 108, that the driver of an ice wagon was acting beyond the scope of his authority in chastising a boy who had broken his employer's axe, in order to prevent repetition of like injury.  In *Berry* v. *Boston Elevated Railway*, 188 Mass. 536, the defendant was held not liable for the act of one of its conductors in calling a policeman as a practical joke to an old car used as a place of shelter for conductors while off duty.  *Fairbanks* v. *Boston Storage Warehouse*, 189 Mass. 419.  *Smith* v. *Peach*, 200 Mass. 504.  *Gunning* v. *King*, 229 Mass. 177.  *Lamanna* v. *American Express Co.* 230 Mass. 564.  *Douglas* v. *Holyoke Machine Co.* 233 Mass. 573.  *Harrington* v. *Border City Manuf. Co.* 240 Mass. 170.  *Seaboyer* v. *Director General of Railroads*, 244 Mass. 122.  *Zampella* v. *Fitzhenry*, 97 N. J. L. 517.

*Exceptions overruled.*