WILLIAM S. STONE *vs.* COMMONWEALTH COAL COMPANY.

HELEN STONE *vs.* SAME.

Suffolk.    January 14, 1927.— May 18, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Agency*, Scope of employment, Ratification.    *Evidence*, Competency.

One employed in a coal yard as a night watchman and in cleaning up the yard and doing whatever odd jobs he was asked to do by his superior, was told by a superior to ask a friend, who lived next door to him and who sometimes had supplied his employer with wood for his customers, to send over some more wood. The employee knew that the wood was wanted early on Monday, but forgot to tell the neighbor until

that morning.   He held no license as chauffeur or operator, had no duty in regard to driving cars outside the defendant's coal yard, but was permitted to use motor trucks within the yard in cleaning up, and a few times on cold nights, to prevent damage to another truck usually kept at the yard, he had driven it to a garage a mile away.   He nevertheless took a motor truck, drove to his friend's house, failed to find him, possibly left an order for wood, and was returning to his employer's coal yard where he intended to leave the truck at the employer's garage, when he negligently ran into one who brought an action against his employer for personal injuries.   *Held*, that, while the employee was in the general employ of the defendant, and, at the moment of the injury, was busied in his employer's behalf, he was acting outside of the scope of his employment in driving the motor truck at the time of the accident, and the defendant was not liable for his negligence while so doing.

At the trial of the action above described, there was no evidence that wood ordered by the employee of his friend in the action in question ever was delivered to the defendant.   There was evidence that, after learning what had taken place, the defendant procured a lawyer for the employee and paid a fine imposed for his breach of the law.   The employee and all who testified asserted that this payment was a loan.   The judge instructed the jury to disregard the evidence if satisfied that the transaction was a loan.   *Held*, that

(1) The evidence as to the payment of the employee's fine by the defendant should have been excluded in the circumstances;

(2) There was no evidence warranting a finding of ratification by the defendant of the act of the employee in driving the motor truck in the circumstances.

TWO ACTIONS OF TORT for personal injuries alleged to have been received when the plaintiffs were run into by a motor truck driven by one alleged to be a servant or agent of the defendant.   Writs dated March 5, 1923.

In the Superior Court, the actions were tried together before *Whiting*, J.   Material evidence, rulings by the trial judge, and exceptions by the defendant are stated in the opinion.   The jury found for the plaintiffs in the sums of $7,500 and $1,500, respectively, and the judge, before the verdicts were recorded, reserved leave under G. L. c. 231, § 120, to enter verdicts for the defendant, and afterwards did so.   Both the plaintiffs and the defendant alleged exceptions.

*M. C. Kelleher*, for the plaintiffs.

*A. B. Carey*, for the defendant.

WAIT, J.   The plaintiffs, while crossing Beacon Street in Boston, were struck and injured by a motor truck.   They

were using due care, and the driver of the truck was negligent. The truck belonged to the defendant. McDonnell, who was driving it, was employed in the coal yard of the defendant as a night watchman and in cleaning up the yard, where he did, also, whatever odd jobs he was asked to do by his superior. The accident took place about eight o'clock in the forenoon of Monday, December 11, 1922. McDonnell had finished his watch at the yard and was about to start for home when he recalled that the shipper, on the Saturday before, had told him to ask a friend who lived next door to him in Cambridge and who sometimes had supplied the defendant with wood for its customers, to send over some wood. He knew that the wood was wanted early on Monday, yet he had forgotten to say anything about it to his friend. So he took a truck, then standing in the yard, drove to Cambridge, failed to find his friend but, possibly, left an order for the wood and, when the accident occurred, was returning to Boston where he intended to leave the truck at the defendant's garage. He held no license as chauffeur or operator, had no duty in regard to driving cars outside the defendant's coal yard, but was permitted to use motor trucks within the yard in cleaning up, and a few times on cold nights to prevent damage to another truck usually kept at the yard, he had driven it to the garage a mile away. No one gave him any authority or direction to drive any motor, and, on the Monday in question, no one knew he had taken this truck or had gone away in it for the purpose he had in mind.

This would justify a finding that he was in the general employ of the defendant, and, at the moment of the injury, was busied in his employer's behalf. The important question upon the plaintiffs' bill of exceptions is, whether he was so acting within the scope of his employment that the doctrine of *respondeat superior* must be applied and the defendant be held liable for his negligence.

The trial judge, pursuant to leave reserved before submitting the cases to the jury, G. L. c. 231, § 120, set aside verdicts for the plaintiffs and entered verdicts for the defendant. The plaintiffs contend that this was error. They rely chiefly upon the cases of *McDonough* v. *Vozzela,*

247 Mass. 552, and *French* v. *Manning*, 237 Mass. 552. Neither of these cases is controlling here. In each case the motor vehicle concerned was being used to advance the interests of the employer owner; but, in both, there was evidence from which an inference was possible that the employer authorized the act of using it by the driver, while here, such evidence is lacking. This case is controlled in principle by *Seaboyer* v. *Director General of Railroads*, 244 Mass. 122, where a helper on an express truck who had no authority to drive the truck, undertook to move it and, in so doing, injured the plaintiff. The helper's motive was, doubtless, to further the interests of his employer — just as here McDonnell was seeking to do; but he was acting outside the scope of his employment and the master cannot be held to respond.

It is not enough, in order to establish liability, to show that the master has an interest in what is being done. It must also be made to appear that the servant whose act is in question has authority from the master to perform the class of service to which the act belongs. If the act is within the class, the master is bound although the servant is forbidden to perform the particular act. *Powell* v. *Deveney*, 3 Cush. 300. *Barden* v. *Felch*, 109 Mass. 154.

Driving motor trucks upon the roads was not within the class of work for which McDonnell was hired. His general employment did not confer the authority, and no special authority is shown to have been given. The distinction appears in the decision of Blackburn, J., in *Limpus* v. *London General Omnibus Co.* 1 H. & C. 526, 542, where the master was held for conduct of the servant in driving although contrary to his orders; yet the judge suggests that he would not be liable if a footman had assumed to drive in the coachman's place. As stated in *Fleischner* v. *Durgin*, 207 Mass. 435, 436, "The master is liable for the act of a servant in charge of his vehicle when the latter is acting in the main with the master's express or implied authority upon his business and in the course of the employment for the purpose of doing the work for which he is engaged."

The recent decision in *Champion* v. *Shaw*, 258 Mass. 9,

deals with a case where the use of a motor vehicle was within the class of work to be done by the servant. Compare *Cardoza* v. *Isherwood,* 258 Mass. 165. The cases just cited do not overthrow the line of decisions which includes *Smith* v. *Spitz,* 156 Mass. 319, *Gibson* v. *International Trust Co.* 177 Mass. 100, 102, *Bowler* v. *O'Connell,* 162 Mass. 319, *Brown* v. *Jarvis Engineering Co.* 166 Mass. 75, *Obertoni* v. *Boston & Maine Railroad,* 186 Mass. 481, *Harrington* v. *Boston & Maine Railroad,* 213 Mass. 338, *Lamanna* v. *American Express Co.* 230 Mass. 564, *Seaboyer* v. *Director General of Railroads, supra.*

The plaintiffs contend that McDonnell's action in taking and using the truck could be found to have been ratified by the defendant, and so a liability be made out within the doctrine of *Dempsey* v. *Chambers,* 154 Mass. 330. In that case glass was broken in the course of delivery of coal by a teamster who had not been employed by the defendant but who had undertaken to deliver coal for which the defendant had collected payment. The court held that thereby the defendant had ratified the delivery and was responsible for what one thus made its servant had done. The negligent act was incidental to the class of work of the servant. In the case before us there is nothing to show that any one contemplated that giving the message to McDonnell's friend and neighbor involved the use of a motor vehicle. The thing to be done did not call upon him to go outside the ordinary class of his work. There was no evidence that wood received from the friend as a consequence of the message was delivered to the defendant.

There was evidence that after learning what had taken place, the defendant procured a lawyer for McDonnell and paid a fine imposed for his breach of the law. McDonnell and all who testified asserted that this payment was a loan. The judge instructed the jury to disregard the evidence if satisfied that the transaction was a loan. He should have gone further and have excluded the evidence. It was *res inter alios* and had no legitimate probative effect.

In *Lowe* v. *Antonelli,* 245 Mass. 237, evidence of giving bail and of payment of fine by an alleged master, was

admitted, apparently without objection. It was said: "The fact . . . has little if any evidentiary value in the determination of the scope of employment of Page and in particular in determining whether Page was driving the automobile in the interest of the defendant when he ran down the plaintiff." This is far from holding such evidence admissible. The court held there was no evidence that Page was acting within the scope of his employment sufficient to justify submission to a jury.

Without deciding that such evidence never is admissible on liability, it certainly ought not to be admitted where no more appears. There are so many other good reasons for such action that it ought not to be taken as an admission of liability or of ratification.

The judge was right in causing verdicts to be entered for the defendant under the leave reserved. The plaintiffs' exceptions are, therefore, overruled. This renders an examination of the defendant's exceptions unnecessary; as the defendant was not harmed, its exceptions also are overruled.

*Exceptions overruled.*