JOSEPH VALLAVANTI *vs.* ARMOUR AND COMPANY.

Middlesex.     March 22, 1927. — June 30, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Agency*, Scope of employment.

At the trial of an action of tort against a corporation for personal injuries suffered when the plaintiff was run into by a motor vehicle driven by an employee of the defendant, an issue was whether the driver at the time of the accident was acting within the scope of his employment. There was evidence that he had been in the employ of the defendant for more than two years as a chauffeur whose duty it was to drive a motor truck in the delivery of goods from its plant at Framingham; that his working day extended until five o'clock in the afternoon; that he had full charge of the truck and a key to the garage; that he did, in addition, odd jobs of sweeping, cleaning up and taking stock under the direction of the shipper and receiver of goods at the plant, who gave most of their orders to the drivers; that his work took him to surrounding towns with deliveries; that he dined at noon where he happened to be, and at home if his route of the day made it possible; that he lived a little over a mile and three quarters from the plant and garage; that on the evening of the accident, by order of the shipper, after his delivery work was done and he had put up his truck, he took a runabout,

ordinarily used by a salesman who came to the plant as the driver was cleaning up, and drove the shipper to the latter's home over two miles and three quarters from the plant in a direction away from his own home; that, instead of returning to the plant and putting up the runabout, he then drove across country to his home, about three miles, where he ate supper, dressed, and, about seven o'clock, set out for the garage to put up the runabout and, later, to attend a dance. The accident happened while *en route* from his home to the garage. *Held*, that a finding was not warranted that at the time of the accident the driver was acting within the scope of his employment.

TORT for personal injuries. Writ dated January 5, 1923.

In the Superior Court, the action was tried before *Mc-Laughlin*, J. Material evidence and rulings by the trial judge are stated in the opinion. The jury found for the plaintiff in the sum of $20,000. The defendant alleged exceptions.

*T. Hunt*, (*John S. Stone* with him,) for the defendant.

*J. J. Cummings*, for the plaintiff.

WAIT, J. The plaintiff was hastening across Waverly Street in Framingham in order to board an electric street car bound for Ashland when he was struck and injured by the defendant's automobile coming from the direction of Ashland and driven by one Pizzeri. After a verdict for the plaintiff, the action is before us upon the defendant's exceptions.

The essential questions for decision are, whether there was evidence to be submitted to the jury upon the issues of contributory negligence and of liability of the defendant for acts of Pizzeri; whether certain requests for instructions to the jury were properly denied; and whether certain portions of the charge state the law accurately.

The defendant moved that a verdict be directed in its favor. If that motion should have been granted, it becomes unnecessary to consider other questions raised by the exceptions.

Although it owned the automobile, a runabout, and although Pizzeri was in its employ, the defendant was not liable unless, when the accident occurred, the runabout was being used in and Pizzeri was acting within the scope of his employment. *Stone* v. *Commonwealth Coal Co.* 259 Mass. 360.

There was no dispute that Pizzeri had been in the employ of the defendant for more than two years as a chauffeur whose duty it was to drive a motor truck in the delivery of goods from its plant at Framingham. His working day extended till five o'clock in the afternoon. He had full charge of the truck and a key to the garage. He did, in addition, odd jobs of sweeping, cleaning up and taking stock under the direction of Benjamin, the shipper and receiver of goods at the plant, who gave most of their orders to the drivers. His work took him to surrounding towns with deliveries. He dined at noon where he happened to be, and at home if his route of the day made it possible. He lived on Waverly Street, a little over a mile and three quarters from the plant and garage. It was the plaintiff's contention that, on the evening of the accident, by order of Benjamin, after his delivery work was done and he had put up his truck, he took a runabout, ordinarily used by a salesman, Davis, who came to the plant as Pizzeri was cleaning up, and drove Benjamin to the latter's home over two miles and three quarters from the plant in a direction opposite that to his own; that, instead of returning to the plant and putting up the runabout, he then drove across country to his home, about three miles, where he ate supper, dressed, and, about seven o'clock, set out for the garage to put up the machine and, later, to attend a dance. The accident happened while *en route* from his home to the garage. In doing this, the plaintiff claims Pizzeri was acting within the scope of his employment and on the business of the defendant. There was controverted evidence that drivers at times took employees to their homes, especially if, like Benjamin on the night in question, they had bundles of goods purchased at the plant to carry thither; and that Pizzeri had frequently been seen coming home at noon or at night in either the truck or the runabout, and returning to his work in it afterward. There was no other evidence of his authority to use either motor vehicle to take others or himself anywhere. This falls far short of sustaining the burden of proof resting upon the plaintiff. The case is not like that of a chauffeur employed in a family and liable to be called upon at all

hours for duty, such as is illustrated by *Reynolds* v. *Denholm,* 213 Mass. 576.

Even if we assume that in going to Benjamin's house he was engaged in the employer's business of delivering purchased goods to the buyer and acting properly in so doing, his detour to his home is unjustified.

There was uncontradicted testimony that the motor vehicles of the defendant bore a plate announcing that only Armour employees in the regular course of their business were permitted to ride in them, that each chauffeur was furnished a book of rules which forbade him to carry passengers or to use the car for personal business or pleasure, and that no one in authority had excused them from living up to these rules. The plaintiff's contention is that on the evidence, in regard to practices of Pizzeri referred to, the jury could find that the rules had become a dead letter.

If, however, we disregard evidence which came from the defendant on the ground that the jury might not believe it, we remain unable to hold that there was evidence to justify finding that Pizzeri was acting within the scope of his employment or engaged in his master's business. All that was shown, if the testimony in regard to his practices were believed, was, that he had done these things; not that he was authorized to do them. There was no ostensible authority to use the defendant's runabout after hours and for his own pleasure. There was nothing in the runabout to indicate that it was being used in the defendant's business, as there was in *Breen* v. *Dedham Water Co.* 241 Mass. 217. The case is controlled in principle by *Seaboyer* v. *Director General of Railroads,* 244 Mass. 122.

The defendant's motion should have been granted. The exceptions to rulings upon the admission of evidence were waived. It follows that the exceptions must be sustained. Pursuant to G. L. c. 231, § 122, judgment should enter for the defendant.

*So ordered.*