DOROTHY KLUBER, PLAINTIFF-APPELLEE, v. WILLIAM F. PFERDEORT. DEFENDANT-APPELLEE, AND B. K. SALES COMPANY, INCORPORATED, DEFENDANT-APPELLANT.

Submitted May 4, 1937—Decided July 28, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the plaintiff-appellee, *Luke A. Kiernan, Jr.*

For the defendant-appellee, *Charles Becker.*

For the defendant-appellant, *Franklin J. Marryott.*

BROGAN, CHIEF JUSTICE. The plaintiff below recovered a general judgment against both named defendants in the Essex County Court of Common Pleas. One of the defendants, B. K. Sales Company, Incorporated, appeals. The other defendant, William F. Pferdeort, does not.

The suit was for personal injuries and the facts that concern us on this appeal may be briefly stated thus: Pferdeort was a salesman in the employ of B. K. Sales Company, Incorporated, which was engaged in the business of selling cemetery lots. On the date of the accident, July 9th, 1936, Pferdeort, accompanied by the plaintiff, was operating an automobile, just purchased by him personally, on North Arlington avenue in East Orange, New Jersey. The day was wet, the streets slippery and the automobile skidded, left the roadway and came in contact with a tree, causing the injuries for which the plaintiff seeks damages. The automobile was not the property of the defendant Sales Company, but the complaint alleges that it was being operated for and in behalf of the B. K. Sales Company. It was open to the jury to find, from the testimony, that Pferdeort, at the time of the accident, was engaged in the business of his employer, but the plaintiff, in order to succeed, had the burden of showing that she was a passenger in the automobile, at the invitation of the defendant B. K. Sales Company.

The grounds of appeal are twenty-one in number and are varied in character. We find it necessary to discuss only one of them, which is included in the motion made by the B. K. Sales Company for a nonsuit, on the ground that there was no evidence of invitation extended by the defendant B. K. Sales Company to the plaintiff, Dorothy Kluber. On the day of the happening and before he started on his mission to Belleville, N. J., Pferdeort purchased a second-hand automobile. Pferdeort was not possessed of a driver's license but had a permit to drive. He asked the plaintiff, Dorothy Kluber, who is an aunt of his wife, to accompany him because she was a fully licensed driver and it was necessary to have such licensed driver with him in order to satisfy the requirements of the Motor Vehicle act.

Now on the question of invitation, it cannot be disputed but that the jury was privileged to find under the testimony that Pferdeort had invited the plaintiff to go along with him, but in our judgment, the testimony fails to present any fact from which the jury might reasonably draw the inference that the plaintiff accompanied the defendant Pferdeort with the knowledge or at the invitation of the defendant B. K. Sales Company, or that the invitation which he extended and she accepted was within the scope or apparent scope of his authority. On this important element of the case Pferdeort, who was called as a witness for the plaintiff, said that he purchased the car in order that he might make more calls in his business as salesman and therefore earn greater compensation. He was asked whether he had "discussed that phase of the situation with Mr. Keats," who was the sales manager. His reply was that whether he discussed it in detail he did not recall. He was further asked, on direct examination, what was the conversation between him and Mr. Keats with respect to the car, and he answered, "in general, there was quite a group around, I stated that I was going out to take delivery of the car, to get the car, and that my aunt planned to meet me and go with me, as I did not yet have a license, she being a licensed driver." In reply to the further question as to what Mr. Keats said about that the witness answered, "I do not recall that he said anything."

On cross-examination, on this point in the plaintiff's proof, Pferdeort was asked this question: "You do not know whether Mr. Keats even heard you make that remark, do you? A. I do not know."

Taking this testimony in a light most favorable to the plaintiff's case, we think it falls short of establishing a fact situation from which a jury might legitimately conclude that the defendant B. K. Sales Company either consented to, knew of, or acquiesced in the invitation extended by the defendant Pferdeort. There is no evidence that Keats said anything whatever to Pferdeort by way of consent about taking the plaintiff along in his car, or that he acquiesced in it, since Pferdeort testified that when he mentioned the matter he

doesn't know whether Keats heard what he said. In our view, therefore, the defendant B. K. Sales Company was entitled to a nonsuit at the close of the plaintiff's case, and the trial court's refusal to grant this motion, when urged so to do on this particular ground, made for reversible error. The facts of this case are not within the rule laid down in *Paiewònsky* v. *Joffe,* 101 *N. J. L.* 521; 129 *Atl. Rep.* 142, but rather within the decision of the cases of which *Kiernan* v. *New Jersey Ice Co.,* 74 *N. J. L.* 175; 63 *Atl. Rep.* 998. is typical.

The judgment is reversed, as to the defendant B. K. Sales Company, Incorporated, and a *venire de novo* allowed.