Bolster, C. J.
This is an action for damage to the plaintiff’s automobile caused by a collision with the defendant’s *203 truck while the latter was being operated by one Gilbert, who was in the general employ of the defendant. The answer set up, among other things, that at the time of the accident, Gilbert was not driving the truck as the defendant’s agent. On that issue, the defendant had the burden of proving a negative. Gen. Laws (Ter. Ed.) Ch. 231, §85 A. There was evidence which would justify a finding that Gilbert had taken the truck without authority and had gone off on “a frolic of his own.” There was also evidence pointing to the contrary. The defendant asked a ruling that the evidence warranted a finding that at the time of the accident the truck was not being operated by a then agent of the defendant. The judge denied the request, and found, “on the facts ’ ’ that the driver was operating within the scope of his agency. Notwithstanding what is said in Glantz v. La Centra, App. Div. #62872, decided this day, about this type of ruling, the case seems to us to be on all fours with Bresnick v. Heath, 1935 A. S. 2297. While it is true that agency is mainly a question of fact, there are legal bounds set to it. Courts of review are constantly deciding cases which turn on the extent of the agent’s power implied from the relation of principal and agent, cf. Stone v. Commonwealth Coal Co., 259 Mass. 360 and cases cited. “Once an agent, always an agent” is of course not the law, but it is consistent with the denial of this request that the trial judge thought such was the law, and made his finding in obedience to that erroneous belief. Other erroneous legal views can be thought of which may have led to the special finding. On the showing of this report, we think that the risk of legal error is such that there should be a re-trial.
New trial ordered.