SUSAN CLICKNER & another[1] *vs.* CITY OF LOWELL & ANOTHER[2]; FRANCIS M. WATERMAN, third-party defendant.

Middlesex. January 11, 1996. - April 25, 1996.

Present: LIACOS, C.J., ABRAMS, LYNCH, O'CONNOR, & FRIED, JJ.

*Municipal Corporations,* Officers and employees, Police. *Massachusetts Tort Claims Act. Agency,* Scope of authority or employment. *Estoppel.*

A police officer on his way to work, operating with permission a city vehicle and coming from a day-long personal excursion during which he was on call, was not acting within the scope of his employment when he was involved in an automobile accident while under the influence of alcohol as he attempted to use a cellular phone to respond to a page from the police station. [541-544]

Where there was no representation by a city that it would consider a police officer to have been acting within the scope of his employment at the time the officer was involved in an automobile accident, there could be no claim that the city was estopped to deny that the officer was so acting. [544-545]

CIVIL ACTION commenced in the Superior Court Department on February 26, 1992.

The case was heard by *Joseph A. Grasso, Jr.,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Thomas E. Sweeney,* City Solicitor, for the city of Lowell.

*Allen H. Forbes* for Francis M. Waterman.

LYNCH, J. This appeal raises the issues whether, at the time of an automobile accident, Francis M. Waterman, a police officer of the city of Lowell, was acting within the "scope of his office or employment" for purposes of the Mas-

---

[1] John Clickner on behalf of Stephen Clickner. The plaintiffs are not parties to this appeal.

[2] Francis M. Waterman.

sachusetts Tort Claims Act, G. L. c. 258, § 2 (1994 ed.), and whether the city is estopped from claiming that he was not.[3]

John and Susan Clickner brought an action against the city for the injuries they sustained in an automobile accident with Waterman. Prior to trial in a separate proceeding Waterman and the city agreed to a settlement of the Clickners' claim and to litigate the issue of the city's liability and Waterman's immunity. After a bench trial on the issue of contribution a Superior Court judge ruled that Waterman was not acting within the "scope of his office or employment" at the time of the accident and that the city was not estopped to contest the issue.

Waterman filed a timely notice of appeal, and we transferred the case here on our own motion. We affirm.

We summarize the judge's findings of fact. Waterman had been a police officer for the city for nineteen years. When his supervisor was not working, as was the case on the day in question, Waterman was in charge of the narcotics unit.

The police department had a policy of using motor vehicles forfeited in drug seizures for surveillance and other work-related activities. The seized vehicles were frequently driven home by unit officers under an unwritten policy. The forfeited vehicles, and in particular, the automobile driven by Waterman at the time of the accident, were owned by, and registered to the city.

On the day prior to the accident, Waterman had received permission to use a city vehicle to attend a golf tournament in Groton. The use of the vehicle would allow Waterman to report for his shift or to respond immediately to any emergency calls without returning home.

On the day of the accident Waterman, who was scheduled to work from 5 P.M. to 1 A.M., attended the golf tournament and subsequent awards ceremony from approximately 7:30 A.M. until 4:30 P.M. Over the course of the day he drank at least four beers and left the golf course at 4:30 P.M. in a condition of intoxication. While driving to his scheduled 5

---

[3]Section 2 of G. L. c. 258 (1994 ed.) provides in pertinent part:

"Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances . . . ."

P.M. shift from Groton to Lowell, he received a page from a subordinate at the police station. As was the policy of the department, Waterman used the cellular telephone in the automobile to respond to the page. At approximately 4:50 P.M., as he was attempting to respond, he drove the automobile across the center line of the road and collided with the motor vehicle in which the Clickners were riding. The telephone call was not completed and he never spoke to his subordinate or anyone else at the police station immediately prior to the accident.

The Clickners suffered serious injuries. Waterman was allowed to leave the scene of the accident to obtain medical treatment. He was later arrested and found guilty of operating while under the influence of intoxicating liquor and failure to yield.

As a result of the incident, the city commenced a disciplinary action against Waterman. By a letter dated July 31, 1991, the city manager notified him that he was to receive sixty days "punishment duty" for "conduct unbecoming an officer" and "any other conduct or omission contrary to good order and discipline." The notice specifically referred to the automobile accident as occurring "while not on duty." On August 7, 1991, Waterman responded that he was "troubled with the wording 'while not on duty' " contained in the letter. The notice indicated that he had a right to a public hearing and he requested one. He did not object to the discipline but was fearful that admitting he was "not on duty" would expose him to civil liability for the accident.

On August 8, 1991, the city notified Waterman of the date and time of the requested hearing. Prior to the hearing, on August 12, 1991, the city manager sent him a second notice of disciplinary action, identical in all respects to that of July 31, 1991, except that the words "while not on duty" were omitted. Thereafter, he withdrew his claim for a public hearing and accepted the sixty days punishment duty.

1. *Scope of employment.* The Massachusetts Tort Claims Act provides in part that public employers shall be liable for injuries caused by the negligence of any public employee while acting in the scope of his office or employment. G. L. c. 258, § 2. A restrictive view of the protection to public employees contained in this statute would encourage them to view their duties in an unreasonably restrictive manner. *How-*

*ard* v. *Burlington*, 399 Mass. 585, 591 (1987). On the other hand, an overbroad interpretation would create unreasonable liability for municipalities.

Although we have never interpreted the phrase "acting within the scope of his office or employment" of § 2 of the Massachusetts Tort Claims Act, we have interpreted the nearly identical language of G. L. c. 258, § 9 (1994 ed.), which provides for the permissive indemnification of public employees. There we looked to common law to find the meaning of the phrase. See *Pinshaw* v. *Metropolitan Dist. Comm'n*, 402 Mass. 687, 694 (1988); *Howard* v. *Burlington, supra* at 589-590. See also *Wang Lab., Inc.* v. *Business Incentives, Inc.*, 398 Mass. 854, 859 (1986). We see no reason to depart from that approach in construing G. L. c. 258, § 2.

The common law test considers whether the act was in furtherance of the employer's work. *Howard* v. *Burlington, supra* 590, and cases cited. "The scope of an employee's employment is not construed restrictively." *Id.*, citing *Commonwealth* v. *Jerez*, 390 Mass. 456, 461-462 (1983).

Factors to be considered include whether the conduct in question is of the kind the employee is hired to perform, whether it occurs within authorized time and space limits, and whether it is motivated, at least in part, by a purpose to serve the employer. *Wang Lab., Inc.* v. *Business Incentives, Inc., supra*, and cases cited. See Restatement (Second) of Agency § 228 (1958).

In applying this test to the facts of this case we note that the only factors tending to show that Waterman was acting in the furtherance of the employer's work are: At the time of the accident Waterman was driving an automobile registered to the city, on his way to his scheduled shift at the station; he was "on call"; and he was in the course of responding to a page from a subordinate at the station. Factors mitigating against his acting in the furtherance of his employer's business are: He was using the vehicle for his own purposes; he was in the town of Groton where he was not authorized to act as a police officer; his shift had not yet begun; he was not being paid at that time; and he was intoxicated and unfit for duty.

Waterman, although authorized to drive the city's automobile, was not acting in the furtherance of the employer's business simply because he was going to work. Travel to and

from home to a place of employment generally is not considered within the scope of employment. See *Mosko* v. *Raytheon Co.,* 416 Mass. 395, 399 (1993), and cases cited.[4] It is also relevant that he was neither on duty, nor in a place helpful to his employer. Waterman had no authority to act as a police officer in Groton. *Commonwealth* v. *LeBlanc,* 407 Mass. 70, 74-75 (1990).

Thus for Waterman to be held to be acting within the scope of his employment, we must rely on the facts that he was on call and responding to a page at the time of the accident.[5] Most jurisdictions have ruled that the mere fact of being on call does not place employees within the scope of their employment.[6]

We are left with the question, therefore, whether his act of responding to the page was enough to tip the balance and to bring his conduct within the scope of employment for purposes of G. L. c. 258, § 2. Waterman's actions throughout the day of the accident were in the furtherance of his own agenda. He had spent the day playing golf and had attended

---

[4]Waterman argues that he falls within the exception to the "going and coming" rule established by *Wormstead* v. *Town Manager of Saugus,* 366 Mass. 659, 667 (1975). *Wormstead* did not involve finding a master-servant relationship between the parties for tort liability, rather it involved a claim for leave without loss of pay. *Id.* at 662. This involved worker's compensation analysis, not imputed tort liability under respondeat superior principles.

[5]We stated in *Wang Lab., Inc.* v. *Business Incentives, Inc.,* 398 Mass. 854, 859-860 (1986), that the fact that the predominant motive of an agent is to benefit himself does not prevent the act from coming within the scope of employment as long as the act is otherwise within the purview of his authority. That case involved a tortious interference by an employee with a business contract where the court found that the employee's conduct was that which he was employed to perform and within the authorized time and space. The facts in the present case are different where the employee was not acting within the authorized limits of time and space and where his conduct was not clearly that which he was hired to perform.

[6]See *Sherar* v. *B & E Convalescent Ctr.,* 49 Cal. App. 3d 227, 229 (1975) ("on call" employee who was reporting to regular shift, not acting within scope of employment); *Ehlenfield* v. *State,* 62 A.D. 2d 1151, 1152 (N.Y. 1978) ("on call" police officer not acting in scope of employment when involved in accident while bringing refrigerator to station). An employee who is traveling to work after being summoned by his or her employer could be acting within the scope of employment if additional facts support such a finding. See *Evington* v. *Forbes,* 742 F.2d 834, 835-836 (4th Cir. 1984) (applying North Carolina law) (employee on "call back" status traveling to work after being called in was paid for time and was in scope of employment).

a function where he consumed an amount of beer sufficient to render him intoxicated. The judge found he was not permitted to perform his job while intoxicated, and that he was not fit for duty at the time of the accident. The judge ruled that "[t]he mere fact that just prior to [the accident] Waterman was attempting to contact his subordinate by cellular telephone in response to her page does not work an electronic alchemy and transmute his entire course of conduct into the kind of work which he was employed to perform." We agree. In light of all the events of the day we conclude that the momentary act of responding to a page was not enough to make his driving the automobile which had hitherto been for a day-long personal excursion an activity within the scope of his employment.

2. *Estoppel.* Waterman also argues that the city is estopped from asserting that he was not acting within the scope of employment because the second notice of disciplinary action omitted the words "while not on duty" after Waterman had sent a letter saying that he was troubled by that language in the first notice. Waterman claims that he withdrew his request for a public hearing, relying on the city's omission of the language "while not on duty" to indicate its acceptance that he was within the scope of his employment for purposes of G. L. c. 258, § 2.

"The essential factors giving rise to an estoppel are . . . (1.) A representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made. (2.) An act or omission resulting from the representation, whether actual or by conduct, by the person to whom the representation is made. (3.) Detriment to such person as a consequence of the act or omission." *Turnpike Motors, Inc.* v. *Newbury Group, Inc.*, 413 Mass. 119, 123 (1992), quoting *Cleaveland* v. *Malden Sav. Bank*, 291 Mass. 295, 297-298 (1935).

All of the elements of estoppel must be present and the party asserting the estoppel theory "has a heavy burden to prove that all [three] elements are present." *Harrington* v. *Fall River Hous. Auth.*, 27 Mass. App. Ct. 301, 309 (1989), citing *Jones* v. *Department of Health & Human Servs.*, 843 F.2d 851, 853 (5th Cir. 1988). We agree with the judge that there was no representation by the city or its agents that, if Waterman withdrew his request for a hearing, the city would

consider him to have been acting within the scope of his employment for purposes of G. L. c. 258. The judge ruled that the removal of the language "while not on duty" was not a representation that the city would take the reverse proposition that he was on duty. The city cannot be estopped from asserting a position when it never represented by conduct or by words that it would do otherwise. As the first element of estoppel is not satisfied, we need not reach the other elements.

*Judgment affirmed.*