Cowin, J.
INTRODUCTION
On June 25, 1993, the plaintiff, Charles A. Cossaboom, by his mother and next friend Kelli A. Cossaboom, brought suit against the defendants, Lewis Restaurant and Grill, Inc., Charles B. Cossaboom, Jr., Town of Milton, Town of Norwood, South Suburban Police Softball League, John Doe, I, John Doe(s), II, and John Doe(s), III. This case was consolidated with Cossaboom v. Ready, Civil No. 91-646. On October 3, 1996, this matter came before the Court for hearing on the motion for summary judgment of the Town of Milton and the Town of Norwood (defendants). On October 6, 1995, the defendants’ motion for summary judgment was denied.[4] (Cowin, J ) On November 12, *339 1996, this matter came before the Court for hearing on the defendants’ renewed motion for summary judgment. The renewed motion was filed because discovery had produced evidence to resolve the material fact that the Court had indicated had been in dispute. For the reasons discussed below, the defendants’ renewed motion for summary judgment is ALLOWED.

BACKGROUND

The undisputed facts in the summary judgment record establish the following. On May 27, 1990, Mr. Ready, a sergeant for the Norwood police department, was playing in a softball game with officers of the Norwood police department against officers of the Milton police department at a playing field in the town of Milton, Massachusetts. Alcohol was consumed at the playing field by Mr. Ready and other Milton and Norwood police officers. Later that day, Mr. Ready also consumed alcohol at a restaurant/bar known as the Lewis Restaurant and Grille. After leaving the Lewis Restaurant and Grille, Mr. Ready was driving on a public way in Foxborough, Massachusetts and was involved in a collision with a motor vehicle operated by Charles B. Cossaboom, Jr. Relli A. Cossaboom, who was twenty-eight (28) weeks pregnant with Charles A. Cossaboom, was a passenger in the Cossaboom motor vehicle at the time of the collision. Both Relli and baby Charles were injured as was baby Charles’s father, Charles B. Cossaboom, Jr.
On February 19, 1991, Mr. Ready was found guilty on charges of operating a motor vehicle while under the influence of alcohol and operating a motor vehicle negligently.

DISCUSSION

Summary judgment is granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and of establishing “that the summary judgment record entitles the moving party to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party then must respond by articulating specific facts which establish the existence of a genuine issue of material fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
The plaintiffs bring this action against both defendant municipalities pursuant to G.L.c. 258 (1994 ed.j, the Massachusetts Tort Claims Act. General laws c. 258, §2 provides in material part that “(pjublic employees shall be liable for . . . personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances ...” The plaintiffs claim that the defendant municipalities, by their employees, were negligent in supplying Intoxicating liquor at the softball field and allowing Mr. Ready to consume the intoxicating liquor at the softball field. In its by-laws, the town of Milton prohibits alcohol consumption at the field.
I. Acting Within the Scope of Employment
In support of their motion for summary judgment, the defendants argue, in part, that they are immune from liability because Mr. Ready and the unnamed officers of each town were not acting within the scope of their employment while at the softball field on the day of the stated accident between the plaintiffs and Mr. Ready.[5] In opposition, the plaintiffs assert that the officers of the defendant municipalities were within the scope of their employment while they engaged in the softball game between the respective towns. Specifically, the plaintiffs state that the officers are officers twenty-four hours a day.
The Supreme Judicial Court has recently reiterated the factors that are relevant “(t]o scope of employment determinations bearing on the imposition of vicarious liability on employers for the tortious conduct of their employees.” Burroughs v. Commonwealth, 423 Mass. 874, 877 (1996). The following factors are to be considered:
[CJonduct of an agent is within the scope of employment if it is of the kind he is employed to perform, Douglas v. Holyoke Mach. Co., 233 Mass. 573, 576 (1919); if it occurs substantially within the authorized time and space limits, Vallavanti v. Armour & Co., 260 Mass. 417, 419-420 (1927); and if it is motivated, at least in part, by a purpose to serve the employer, Donahue v. Vorenberg, 227 Mass. 1, 5 (1917); McKeever v. Ratcliffe, 218 Mass. 17, 20 (1914). See Restatement (Second) of Agency §228 (1958).
Id. quoting, Wang Lab., Inc. v. Business Incentives, Inc., 398 Mass. 854, 859 (1986). “ ‘The scope of employment test asks the question: is this the kind of thing that in a general way employees of this kind do in employment of this kind’ (emphasis in original). ” Id., quoting Kansallis Fin. Ltd. v. Fern, 421 Mass. 659, 666 (1996).
The evidence in the summary judgment record would not warrant a finding that while participating at the softball game the police officers were carrying out a duty imposed on them by their employment. “For *340 all that appears in the evidence, [the officers’ softball playing and consumption of alcohol] was nothing other than a way of relaxing and socializing that [they] performed without compensation and that was neither explicitly nor implicitly ordered or even requested by [their] superiors.” Id,, slip op. at 6. Although it appears that both defendant municipalities were aware that their officers participated in softball games with officers from other towns and that the officers wore uniforms which identified their respective towns, neither of the defendant municipalities sponsored the softball game or knowingly permitted alcoholic beverages to be consumed at the softball game.
It is also relevant that the officers mentioned in the complaint were not on duly at the time of the softball game. Clickner v. Lowell; Waterman, 422 Mass. 539, 543 (1996). Although the plaintiffs state that police officers are police officers twenty-four hours a day, the Supreme Judicial Court recently noted that “[m]ost jurisdictions have ruled that the mere fact of being on call does not place employees within the scope of their employment.”[6] Id. at 543.
Moreover, the police officers of the town of Norwood had no authority to act as police officers in the town of Milton. Commonwealth v. LeBlanc, 407 Mass. 70, 74-75 (1990). Therefore, since these officers were not within the space limits of their employment, they were not in a place helpful to their employer. Clickner, 422 Mass. at 543.
Accordingly, the evidence does not present a genuine issue of material fact on the question whether the officers acted within the scope of their employment while at the softball field but rather it shows that the officers’ “ ‘conduct... [was not] of the kind [they were] employed to perform’ or that it was ‘motivated, at least in part, by a purpose to serve the [defendants],’ Wang Lab., Inc. v. Business Incentives, Inc., supra at 859.” Burroughs, 423 Mass. at 878.
II. Exclusion to the Massachusetts Tort Claims Act — G.L.c. 258, §10(j)
In further support of their motion for summary judgment, the defendants rely on G.L.c. 258, §10(j), an exclusion to municipal liability. General laws c. 258, §10(j) bars claims based on “an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer.” The defendants argue that they did not create the risk which resulted in the plaintiffs’ injuries, but rather, the risk was created by the consumption of alcohol by Mr. Ready. As discussed above, the defendants did not sponsor the softball game nor did the defendants supply or permit the consumption of alcohol at the softball field themselves or by employees who were acting within the scope of their employment. Therefore, since the softball game and the alcohol consumed at the game were not part of the municipal function, the exclusion under G.L.c. 258, §10(j) applies and immunizes the defendants from liability.

ORDER

For the foregoing reasons, it is hereby ORDERED that the renewed motion for summary judgment of the town of Milton and the town of Norwood is ALLOWED.

 The defendants’ motion for summary judgment was denied on the basis of a disputed material fact. The order stated:
A material fact is disputed here, i.e., whether the softball game and the alcohol consumed there was part of the municipal function. At a minimum, that issue is disputed and I cannot say, as a matter of law, on the evidence presented here, that a jury could not find that it was part of the municipal function to sponsor this softball game. If so, the exclusion under M.G.L.c. 258, §10(j) does not apply. Thus, the defendants’ motion for summary judgment is DENIED. Cowin, J.

 There is no evidence that any on-duty police officer, who did not take part in the softball game, was present and aware of the alcohol consumption at the field.

 See Sherar v. B&E Convalescent Ctr., 49 Cal.App.3d 227, 229 (1975) (“on call" employee who was reporting to regular shift not acting within scope of employment): Ehlenfield v. State, 62 A.D.2d 1151, 1152 (N.Y. 1978) (“on call" police officer not acting in scope of employment when involved in accident while bringing refrigerator to station). An employee who is travelling to work after being summoned by his or her employer could be acting within the scope of employment if additional facts support such a finding. See Evington v. Forbes, 742 F.2d 834, 835-836 (4th Cir. 1984) (applying North Carolina law) (employee on “call back” status travelling to work after being called in was paid for time and was in scope of employment).