Richard Hosking *vs.* Contributory Retirement Appeal Board & another.[1]

No. 98-P-1415.

Worcester. April 13, 2000. - July 14, 2000.

Present: Porada, Gillerman, & Lenk, JJ.

*Massachusetts Turnpike Authority. Retirement. Workers' Compensation Act,* Public employee. *Statute,* Construction. *Administrative Law,* Agency's interpretation of statute.

An employee of the Massachusetts Turnpike Authority, who was a "member in service" within the meaning of G. L. c. 32, § 3(1)(*a*)(i), but who received workers' compensation benefits for a work injury beginning in 1993, was not "on the active payroll" of the authority for purposes of the eligibility requirements of an early retirement plan authorized by St. 1993, c. 110, § 312. [710-712]

Civil action commenced in the Superior Court Department on October 14, 1997.

The case was heard by *C. Brian McDonald,* J.

*William E. Bernstein* for the plaintiff.

*Ginny Sinkel,* Assistant Attorney General, for Contributory Retirement Appeal Board.

*Garrick F. Cole* for Massachusetts Turnpike Authority Employees' Retirement Board.

Gillerman, J. The plaintiff, a toll collector employed by the Massachusetts Turnpike Authority (Authority) since 1968, was injured while at work on July 22, 1993. He received workers' compensation benefits from the Authority, a self-insured entity, and he continued to receive such benefits at all times material to this litigation. The plaintiff claims that he is entitled to participate, beginning in 1995, in the Authority's early retirement process (ERP). The Authority's employees' retirement board concluded that the plaintiff was ineligible, and an appeal to the Contributory Retirement Appeal Board (CRAB) followed.

---

[1]Massachusetts Turnpike Authority Employees' Retirement Board.

On a statement of agreed facts, the administrative magistrate, to whom CRAB referred the case for a hearing, ruled in favor of the plaintiff. That ruling was rejected by CRAB, which held in favor of the defendant. The decision of CRAB was affirmed by a judge of the Superior Court, who entered judgment for the defendants. We affirm the order of the Superior Court.

The Authority's ERP was authorized by the Legislature in 1993. See St. 1993, c. 110, § 312. Section 312 provides that, "[n]otwithstanding the provisions of any general or special law to the contrary, the Massachusetts Turnpike Authority . . . is hereby authorized to develop and implement an early retirement process for its employees. . . ." Eligibility to participate in the ERP required the satisfaction of certain criteria set out by the Authority. At issue here is the stated requirement that the member "be on the active payroll of [the Authority] . . . ."

The plaintiff relies on G. L. c. 32, § 14(1), which provides, in relevant part, "[a]ny employee who was a member in service at the time of sustaining an injury . . . on account of which he becomes entitled to . . . [workers' compensation payments under G. L. c. 152] shall, during the period while he is receiving weekly payments for total incapacity . . . , retain all the rights of a member in service while he is living . . . ." We assume that the plaintiff was a member in service, see G. L. c. 32, § 3(1)(*a*)(i), but we reject the claim that being a member in service satisfies the "active payroll" requirement.

The argument that c. 32, § 14(1), quoted above, controls the outcome in this case would, if sustained, work a modification to the Authority's ERP by extending the opportunity to participate in the ERP to each "member in service" receiving disability compensation but who is *not* currently performing services for the Authority. There is nothing to support such an assertion. To ignore the plain language of the Authority's ERP, or equate the words "on the active payroll" with a reading that encompasses those persons receiving workers' compensation benefits by reason of an inability to work would effectively amend the ERP. See G. L. c. 32, §§ 3, 8 (distinguishing between an employee in "active service" and a "member in service"). Compare *Hayes* v. *Retirement Bd. of Newton*, 425 Mass. 468, 471 (1997).

Whatever latent ambiguity may reside in the phrase "on the active payroll" was removed by the decision of CRAB in this case which construed the phrase to mean "persons who are

actively employed and receiving a payroll check, not persons who are receiving workers' compensation benefits." We accept that plain, commonsense definition. "As a reviewing court we 'accord due weight and deference to an agency's reasonable interpretation of a statute within its charge.' " *Hayes* v. *Retirement Bd. of Newton*, 425 Mass. at 470, quoting from *Boston Neighborhood Taxi Ass'n.* v. *Department of Pub. Utils.*, 410 Mass. 686, 692 (1991). We must also "give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." G. L. c. 30A, § 14(7).

The plaintiff was not on the Authority's payroll for work performed; he was being paid for his disabling injuries which prevented him from working. There was no error in the decision of the Superior Court affirming the decision of CRAB.[2]

*Judgment affirmed.*

---

[2]Relying on a letter from the Authority dated May 18, 1995, in which the Authority notified the plaintiff that he was "eligible" to participate in the Authority's ERP, the plaintiff also argues that the Authority is estopped to deny the plaintiff's claim. We reject the argument. This case comes up on "A Statement of Agreed Facts and Disputed Issues"; one section of the written agreement was a "Summary of Appellant's Argument." That section made no mention of the present claim of estoppel. The plaintiff's argument comes too late. See *Foxboro Harness Inc.* v. *State Racing Commn.*, 42 Mass. App. Ct. 82, 85 (1997) ("A party is not entitled to raise arguments on appeal that he could have raised, but did not raise, before the administrative agency"). Moreover, the written agreement contains no statement of facts which would support the claim that the plaintiff relied, to his detriment, on the alleged representation of the Authority, or that the Authority intended any such reliance. See *Clickner* v. *Lowell*, 422 Mass. 539, 544 (1996).