Volterra, J.
Plaintiff Laura Champa (“Champa”) sues as mother and next friend of John Champa, who was injured when a fight arose at a “battle of the bands” dance and concert held at Billerica Memorial High School. Champa’s complaint alleges negligence and negligent infliction of emotional distress by defendants Elizabeth Gladyszak, the Town of Billerica, and James Mount, Jr.; assault and battery and negligent or intentional infliction of emotional distress by defendants Paul Cuoco, Jr., Peter Jenkins, Matthew Casey and Kevin Downer; and assault and battery and intentional infliction of emotional distress, by virtue of G.L.c. 231, §85G (2000), against defendants Paul Cuoco, Sr. and Donna Jenkins. Now before the court is James Mount, Jr.’s motion for summary judgment. Mass.R.Civ.P. 56. For the following reasons, the court ALLOWS James Mount, Jr.’s motion for summary judgment.

BACKGROUND

When viewed in the light most favorable to Champa, as the non-moving party, see Hub Assocs. v. Goode, 357 Mass. 449, 451 (1970), the undisputed evidence in the summary judgment record relevant to this motion is as follows.
On March 14, 1997, John Champa was injured when a fight arose at a “battle of the bands” dance and concert held at Billerica Memorial High School. As detailed in Elizabeth Gladyszak’s application to use the High School’s cafeteria, the event was a fund-raiser for her organization, the Verity Colon Scholarship Committee. As a condition of approval, Gladyszak was required to have a police officer at the event.
The “Rules and Regulations” for “Community Use of School Facilities” given to Gladyszak stated, “The applying organization will be held responsible for the preservation of order and proper conduct of those in attendance.” Moreover, “(plolice supervision, when declared necessary by school authority will be provided by the applying organization. Arrangements for police and payment for services rendered will be made directly with the police department by the applying organization.”
James Mount, Jr. is a patrolman for the Town of Billerica Police Department. On the day of Gladyszak’s event, one Lieutenant Ravane of the Billerica Police Department, who was in charge of assigning detail work at the time, asked Mount to work Gladyszak’s event. Mount provided security and police supervision at Gladyszak’s event in his patrolman’s uniform, drove there in his car, and was paid by the Town of Billerica with funds supplied by Gladyszak. Mount did not receive credit towards his pension for working the event; however, there would have been no repercussions had he not accepted this paid detail work.

DISCUSSION

Summary judgment is appropriate when the material facts are undisputed and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Community Nat. Bank v. Dawes, 369 Mass. 550, 553-56 (1976). Thus, Mount must establish in his motion the absence of a triable factual issue and his entitlement to a judgment. Pederson v. Time Inc., 404 Mass 14, 17 (1989). This burden requires affirmative evidence that negates an essential element of Champa’s case or a demonstration “that proof of an element is unlikely to be forthcoming at trial!. ]” Flesner v. Technical Commun. Corp., 410 Mass. 805, 809 (1991). Once Mount demonstrates the absence of a triable issue, Champa must respond with evidence that establishes a material factual dispute. Pederson, 404 Mass. at 17.
Champa’s complaint alleges negligence by Mount in providing security and supervision at Gladyszak’s event and in not pursuing appropriate medical attention for John Champa after the assault and battery. Mount bases his argument for summary judgment on G.L.c. 258, §2, which declares, in relevant part:
Public employers shall be liable for injury . . . caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances . . . and no such public employee . . . shall be liable for any injury . . . caused by his negligent or wrongful act or *419 omission while acting within the scope of his office or employment. . .
Mount contends that the undisputed facts in this case show that he was acting “within the scope of his office or employment” at the time John Champa was injured, id., and therefore cannot be independently liable for any negligent conduct at that time. The relevant language of G.L.c. 258, §2 is nearly identical to that in G.L.c. 258, §9, which provides for permissive indemnification of public employees. Clickner v. Lowell; Waterman, 422 Mass. 539, 542 (1996) (police officer driving to work drunk after playing golf was acting independently and not “within the scope of his office or employment” under G.L.c. 258, §2). Under both statutes, Massachusetts courts have looked to common law agency principles when applying this clause. Id., see also Burroughs v. Commonwealth, 423 Mass. 874, 877-78 (1996) (insufficient evidence from which jury could find Commonwealth responsible for death occurring as result of Massachusetts National Guard officers’ negligence in serving alcohol and later driving drunk).
The common law test considers whether the employee was acting in furtherance of the employer’s work. Clickner, 422 Mass. at 542. Other pertinent factors include whether the conduct at issue was of the kind the employee was hired to perform, whether it occurred within authorized time and space limits, and whether it was motivated, at least in part, by a purpose to serve the employer. Id. The analysis boils down to a “multifactored estimate which expresses itself mainly in a conclusion involving the principal’s right to control the policemen’s activities.” Davis v. DelRosso, 371 Mass. 768, 771 (1977). In Dauis, the Supreme Judicial Court inquired whether a police officer, DelRosso, who had used force to stop a fight from developing while working as a bouncer on paid detail, was an independent contractor. Id. at 769-71. The Court held that DelRosso was the agent of another defendant, the Millbury Cafe where he was assigned, because of an implicit understanding that he could use force in appropriate situations to support the cafe’s private purposes. Id. at 772. Here, then, the court must also consider whether Gladyszak had any right to control Mount at her event. In contrast to the bartender in DelRosso, the undisputed facts in this case show that Gladyszak had no right to control or restrict Mount in the performance of his police functions.
Champa argues that a jury should decide whether Mount was acting “within the scope of his office or employment!,]” G.L.c. 258, §2, laying stress on contradictory deposition testimony from Mount to the effect that he was both hired by Gladyszak and asked to work the detail by Lieutenant Ravane. Champa also emphasizes that Mount was paid with funds supplied by Gladyszak and which did not count towards his pension, even though the Town of Billerica ultimately cut his check. However, ”[i]t is irrelevant . . . that he was ‘paid for his assignment’ by the contractor. Whether this statement means that he was paid to accept the assignment or to compensate for the work performed, in either case he was engaged in carrying out a public duty.” Yates v. Salem, 342 Mass. 460, 462 (1961) (police officer injured performing traffic duty for private contractor was acting “in the performance of his duty” under G.L.c. 41, §11IF); see also Luz v. Stop & Shop, Inc. of Peabody, 348 Mass. 198, 207 (1964) (police officers injured on paid detail were not agents of supermarket where they were assigned). Hence, the details of the arrangement to pay Mount are immaterial to whether Gladyszak had any right to control him at her event.
Champa further concentrates on the “Rules and Regulations” quoted above, which purport to pass responsibility for police supervision at the event to Gladyszak. Nonetheless, these directions are not sufficient to raise a genuine issue of material fact as to whether Mount was “acting within the scope of his office or employment.” G.L.c. 258, §2. Rather, they establish only that the Town of Billerica mandated a police presence at appropriate events to prevent harm to the participants and its facilities, and to ensure the safety of both.
Moreover, Mount’s deposition confirms that he was acting as a police officer at Gladyszak’s event, and that she exercised no control over the exercise of his authority:
Q: Could you tell me the conversation you had with [Gladyszak], if you recall, when you first got there?
R: I just said I was assigned here for a detail and what did she want me to do. She said, “Whatever you have to do.” I says [sic], “Okay.”
Deposition of James M. Mount, Jr., at 20. Mount’s response to other questions clarifies the very limited extent of Gladyszak’s power:
Q: If [Gladyszak] said ‘I want you in the hall at all times,’ would you have followed her instructions?
R: I would have basically performed my police functions, but would have leaned towards what she was looking for.
Q: So to some extent, she as the organizer, controlled your function at the March 14th event?
[. • •)
R: She would not control my function as a police officer.
Q: But she could direct it.
A: She was only directing me to where she felt she would have a problem.
Id. at 85-86. Mount also noted, “To the parties that were there, it was my understanding that I had control over them ... If I wanted to end it, I could end it if a problem arose.” Id. at 73. Hence, Gladyszak did no more than “narrate the material facts to [Mount] and *420 leave him to decide what he will do . . .” Kidder v. Whitney, 336 Mass. 307, 309 (1957) (special police officer directing traffic not a servant of defendant theatre); see also Luz, 348 Mass. at 206-07.
In sum, Mount performed the same functions at Gladyszak’s event as he did at any other time when he was working for the Billerica Police Department, and was motivated wholly by his public duty. Yates, 342 Mass. at 462; Kidder, 336 Mass. at 308-09; see also Davis v. Allard, 37 Mass.App.Ct. 508, 513-14 (1994) (police officers on paid detail were not employees of greyhound park where they were assigned to direct traffic). Mount worked Gladyszak’s event in his patrolman’s uniform, Yates, 342 Mass. at 461, and the location of the event was a public facility within his jurisdiction as a patrolman. Contrast Clickner, 422 Mass. at 543; DelRosso, 371 Mass at 771. Given these undisputed material facts, the court holds that Mount was “acting within the scope of his office or employment!,]” G.L.c. 258, §2, and cannot be independently liable for John Champa’s injuries.

ORDER

For the foregoing reasons, the court ALLOWS defendant James Mount Jr.’s motion for summary judgment.