Agnes, A.J.
The plaintiff, Russell G. Lord (hereinafter “Lord”), brings this action to recover for personal injuries suffered on July 7, 1996. Lord was employed as a sanitation worker and was working along the side of Route 113 in Groveland, Massachusetts on the day of the accident. The Complaint alleges that Defendant Kaitlyn M. Panaro (hereinafter “Panaro”) operated her vehicle negligently and struck Lord, causing him serious bodily injury. At the time of the accident Defendant Anna Jacques Hospital, located in Newburyport, Massachusetts (hereinafter “Anna Jacques”) employed Panaro as a home health aide. Anna Jacques maintains an insurance policy issued by co-defendant Travelers Insurance Company (hereinafter “Travelers”) to cover, among other things, motor vehicle accident claims. Anna Jacques and Travelers filed motions for summary judgment claiming that there exists no genuine issue of material fact and judgment in their favor is required as a matter of law. For the reasons set forth herein, the Motions for Summary Judgment are DENIED.[1]
*676 BACKGROUND
The essential facts are not in dispute. At the time of the accident, Panaro was employed as a home health aide by Anna Jacques Hospital. The job required her to travel by car to clients’ homes to provide treatment and other services. On the morning of the accident, Panaro, who lived in Haverhill, was driving to her first client’s home in Newbuiyport, Massachusetts. Anna Jacques’ office did not open until 7:00 a.m. and Panaro’s appointment in Newburyport was scheduled for 7:30 a.m. While driving on Route 113 en route to her client’s home and at some time between 7:00 and 7:30 a.m., Panaro’s car struck and injured Mr. Lord.[2]
Under the policies of Anna Jacques, home health aides were paid for their time and travel expenses between clients during the workday. However, Anna Jacques did not compensate home health aides or pay travel expenses for their commute to the office in the morning or to a home health aide’s first client if the employee did not go to the office first. On the morning of the accident, Panaro was driving from her home directly to her first client in Newburyport. She did not stop by the office before beginning the drive to the client’s home. Anna Jacques set Panaro’s schedule and required that she have access to a car for the purpose of traveling to clients’ homes.
The insurance policy issued by Travelers to Anna Jacques covers, among other things,
“Autos” you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes “autos” owned by your employees or partners or members of their households but only while used in your business or your personal affairs.
DISCUSSION
1. Standard for Summary Judgment
The Court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983); Community Nat’l. Bank v. Dawes, 369 Mass. 550, 553 (1976); MassR.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “That some facts are in dispute will not necessarily defeat a motion for summary judgment. The point is that the disputed issue of fact must be material.” Beaty v. NP Corp., 31 Mass.App.Ct. 606, 607 (1991), citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). See also Norwood v. Adams-Russell Co., 401 Mass. 677, 683 (1988).
2. Respondeat Superior
The sole issue presented in this motion for summary judgment is whether Panaro was acting within the scope of her employment at the time of the accident, thus imputing liability to Anna Jacques. “The scope of an employee’s employment is not construed restrictively." Clickner v. City of Lowell, 422 Mass. 539, 542 (1996). The common law test is whether the employee was acting in furtherance of his employer’s business. Id. Massachusetts courts consider three factors to determine if an employee’s conduct is within the scope of her duties: 1) Whether the conduct was the kind of conduct she was hired to perform; 2) whether the conduct occurred within authorized space and time limits; and 3) whether the conduct was motivated at least in part by a purpose to serve the employer. See Wang Laboratories, Inc. v. Business Incentives, Inc., 398 Mass. 854, 859 (1986). See also Clickner v. City of Lowell, 422 Mass. 539, 542 (1996); Vallavanti v. Armour & Co., 260 Mass. 417, 419-20 (1927); Douglas v. Holyoke Mach. Co., 233 Mass. 573, 576 (1919); Donahue v. Vorenberg, 227 Mass. 1, 5 (1917); McKeever v. Ratcliffe, 218 Mass. 17, 20 (1914).
The first factor considers whether the alleged employee’s conduct was of the kind she was hired to perform. In the case at bar, Panaro’s act of driving to a client’s home was of the kind she was hired to perform. The uncontested facts presented in the parties’ summary judgment documents state that at all relevant times, Panaro was a full time employee of Anna Jacques. Furthermore, Panaro’s employment depended upon her continued access to a vehicle so that she could visit and treat patients in their homes. Panaro received travel assignments from Anna Jacques over which she had no control. Anna Jacques alone controlled where and when Panaro would be on a daily basis including on the morning of the accident. Because driving to clients’ homes was an inherent part of Panaro’s employment duties, her trip on the morning of the accident was of the kind she was hired to perform.
The second factor examines whether the tortious conduct occurred within time and space limits authorized by the employer. The moving parties argue that because the Anna Jacques’ was not to compensate or reimburse home health aides for their time and travel expenses from the employee’s home (as opposed to the office) to their first client of the day, the accident is not “within the authorized time and space limits.” Wang Laboratories, Inc., 398 Mass. at 859. While relevant on the issue of time and space limits, the court does not confine itself to an examination of the hours constituting an employee’s tour of duty. Instead, the court evaluates all aspects of Panaro’s employment, including “the nature, conditions, obligations or incidents of the employment.” Swasey’s Case, 8 Mass.App.Ct. 489, 493 (1979), quoting Papanastassiou's Case, 362 Mass. 91, 93 (1972). See also Caswell’s Case, 305 Mass. 500, 502 (1940). Inherent in Anna Jacques’ business of providing health care services in patients’ homes is the travel by its employees to those patients. That Panaro was not “on the clock” for payroll purposes is overcome by the explicit requirement that Panaro travel by car to visit clients and the fact that Anna Jacques alone dictated where, when and how she traveled. Anna Jacques cannot shield itself *677 from liability simply by adopting policies which limit its employee’s compensable duties. The moving parties’ distinction between employees who first check in at the office and those who go directly to treat patients is unpersuasive. This is a difference without distinction.
The final factor in the analysis is whether Panaro’s conduct was motivated, at least in part, by a purpose to serve the employer. See Wang, 398 Mass. at 589. Panaro states, and there is no objection, that she was on the road that morning for the sole purpose of performing home health aide services for Anna Jacques. No other motivation for this trip is suggested and, in the absence of any evidence to the contrary, the Court will not infer any other purpose.
The moving parties characterize Panaro’s trip as a mere “commute” and argue that this case falls under the so-called “going and coming” rule. See Swasey’s Case, 8 Mass.App.Ct. at 494. Generally, an employee’s travel back and forth from home to a fixed place of employment is not deemed within the scope of his employment. See Kelly v. Middlesex Corp., 35 Mass.App.Ct. 30, 32 (1993). There is,'however, an exception for cases in which the employee travels at the direction of his employer. See id. at 32 discussing Caron’s Case, 351 Mass. 406, 409-10 (1966). See also Wormstead v. Town Manager of Saugus, 366 Mass. 659, 666 (1975); Swasey’s Case, 8 Mass.App.Ct. at 493-94 (1979). Although this exception usually arises in Workers’ Compensation cases construing that Act’s “course of employment” language[3] Massachusetts courts also rely on these cases when deciding “scope of employment” matters in ordinary tort actions. See Kelly, 35 Mass.App.Ct. at 33; Deleon v. Oteri, 7 Mass. L. Rptr. 217, 1997 WL 430833, Massachusetts Superior Court (Brassard, J.). Furthermore, the going and coming rule “has no application to employees who have no fixed place of employment." Frassa v. Caulfield, 22 Mass.App.Ct. 105, 109-10 (1986).
The present case falls outside the “going and coming rule.” Panaro’s trip to visit her first client of the day “when viewed in its entirety” was undertaken at the direction and control of Anna Jacques. Swasey’s Case, 8 Mass.App.Ct at 494. The nature of Anna Jacques’ business and Panaro’s employment as a home health aide puts her within “that class of traveling workers not barred from receiving compensation.” Id. quoting Wormstead, 366 Mass. at 667. The employer in Swasey would “assign and dispatch” the employees to distant projects knowing- they would have to return home at a later time. The court found that although the employee was not injured during work hours, his trip home from a remote job site fell within the course of his employment. Similarly, Anna Jacques assigned Panaro to a remote work site with the knowledge that the trip required automobile travel. Anna Jacques not only knew of this trip, they required that Panaro own or have access to a vehicle to make such trips. Anna Jacques cannot avoid respondeat superior liability by merely adopting a policy which delays employee compensation until arrival at the work site. Viewing Panaro’s employment relationship with Anna Jacques, “in all of its aspects,” I conclude that Panaro was acting within the scope of her employment at the time of the accident Id. 8 Mass.App.Ct. at 493.
On the undisputed facts, it is not only appropriate to deny Anna Jacques’ motion for summary judgment but, pursuant to Mass.R.Civ.P. 56(c), the court enters summary judgment on the issue of respondeat superior in favor of the plaintiff.
ORDER
It is therefore ORDERED that Defendants’ Anna Jacques Hospital and Travelers Insurance Company Motions for Summary Judgment be DENIED.
It is further ORDERED that Summary Judgment enter in favor of the Plaintiff on the issue of respondeat superior.

 At oral argument, the defendant, Travelers Insurance Company, sought to vacate a stay of further proceedings against it in order to litigate a motion for summary judgment with respect to both the plaintiffs G.L.c. 93A claim and the question of whether Travelers is obliged to provide coverage to defendant Panaro. Because the parties did not follow the procedures required by Superior Court Rule 9A, the court declines to consider both the motion for a stay and the motion for summary judgment filed by Travelers.

 The parties dispute the precise time of the accident. Furthermore, there is some question as to whether or not Panaro’s vehicle was titled in her father’s name in July of 1997. Because these disputes do not involve material facts, summary judgment is appropriate in this case. See Beaty v. NP Corp., 31 Mass.App.Ct. 606, 607 (1991), discussing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

 M.G.L.A.c. 152 §26 (West 1988).