Houston, J.

INTRODUCTION

This is an action brought by plaintiffs Richard Brown (“Richard”) and Carole Brown against defendants Kevin O’Brien (“O’Brien”), Enterprise Rent-A-Car Co. of Boston, Inc. (“Enterprise”), Paul Meaney (“Paul”), Aaron Gurney, and Michael Meaney (“Michael”). The plaintiffs seek to recover for injuries that arose out of an accident that occurred on February 12, 1999. Paul Meaney now moves this court to grant him summary judgment on the claims brought against him. For the reasons set forth below, defendant Paul Meaney’s motion for summary judgment is DENIED.

BACKGROUND

The following facts are undisputed.
At all times relevant to this action, brothers Paul and Michael Meaney and Richard Brown were police officers for the City of Woburn. Michael and Richard (collectively “the officers”) were scheduled to work an overnight shift beginning on February 11, 1999 and continuing to the morning of February 12, 1999. Paul Meaney was off-duty both those days.
The evening of February 11th Paul and Cheryl Meaney (“the Meaneys”) visited the Towanda Club in Woburn, Massachusetts and then Bishop’s Restaurant (“Bishop’s”) where Paul consumed some alcoholic beverages. While on duty that evening, Michael and Richard traveled through Woburn Center and noticed that Paul was at Bishop’s. The officers parked the car and entered Bishop’s.
Around 1:00 a.m., February 12, 1999, the officers and the Meaneys left Bishop’s. Upon exiting the restaurant, the group noticed an individual, later determined to be Kevin O’Brien, slouched to his right hand side, behind the steering wheel of a parked car. The officers approached the car as the Meaneys entered their private vehicle and drove off down Main Street.
Michael walked in front of the O’Brien vehicle and lightly banged on the hood of the car to get O’Brien’s attention. Without warning, O’Brien suddenly accelerated his vehicle and sped away, nearly hitting Michael. The officers returned to the cruiser and began to pursue O’Brien.
O’Brien’s car sped down Main Street, past the vehicle occupied by the Meaneys. Witnessing the pursuit, Paul contacted Michael and Richard on his por *762 table car radio and asked them “do you want him?” Upon receiving an affirmative answer, Paul chased O’Brien at a high rate of speed, with his wife in the passenger seat. Paul and the officers pursued O’Brien down Main Street onto Winn Street. As O’Brien made a sharp turn onto Linden Street, Paul slowed down and came to a complete stop. Following his brother, and unable to come to a sharp stop, Michael Meaney lost control of the police cruiser and skidded into several trees on the opposite side of Winn Street. Both Michael and Richard were injured in the crash. As a result of the accident, Richard and Carole Brown filed a complaint seeking damages for Richard’s injuries.

DISCUSSION

I. Standard of Review
Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Highlands Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary-judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14 (1989). If the party moving for summary judgment does not bear the burden of proof at trial, he can demonstrate the absence of a triable issue by submitting affirmative evidence negating an essential element of the nonmoving party’s case, or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1990). The court should deny a motion for summary judgment when the nonmoving party presents evidence of genuine issues of fact entitling him to a trial. Community Nat’l Bank v. Dawes, 369 Mass. 550, 556 (1976). Vague or general allegations of expected proof or mere assertions or inferences made by the opposing party are insufficient to defeat a motion for summary judgment. First Nat’l Bank of Boston v. Slade, 379 Mass. 243, 246 (1979).
II. Defendant Paul Meaney’s Motion for Summary Judgment
Paul Meaney contends that this court should allow his motion for summary judgment because G.L.c. 258, §2 shields him from any liability as a result of his negligence. Chapter 258 states in relevant part “no public employee or the estate of such public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment ...” Pursuant to this statute, a public employee is, therefore, immune from liability arising from his or her negligence as long as he or she was acting within the scope of his or her employment.
In Clickner v. City of Lowell the Supreme Judicial Court interpreted the phrase “acting within the scope of his office or employment” as contained within c. 258, §2 for the first time. In that case, an off-duty police officer, Waterman, had attended a golf tournament all day where he had consumed numerous alcoholic beverages. Waterman had previously received permission to drive one of the City’s vehicles to the tournament so that he could easily report for duty at 5 p.m. that day. Around 4:30 p.m. Waterman left the tournament and on his way to work he received a page from the police station. As he was trying to respond to the page by using a cellular phone, Waterman crossed the center line and hit a vehicle on the opposite side of the road.
In holding that Waterman was not acting within the scope of employment at the time of the accident, the Clickner court took three factors into consideration: (1) whether Waterman was hired to perform the conduct in question; (2) whether such conduct “occur(ed) within authorized time and space limits”; and (3) whether such conduct was “motivated, at least in part, by a purpose to serve the employer.” Clickner v. City of Lowell, 422 Mass. 539, 542 (1996).
The Clickner court found that the only factors tending to show that Waterman was acting in furtherance of his work were that he was driving a City vehicle, that he was on his way to report for duty, and that he was responding to a page from the police station. Clickner, 422 Mass. at 542. Likewise the factors tending to show that Waterman was not acting in furtherance of his work included that he was using the City vehicle for personal use, he was in another jurisdiction when the accident occurred, his shift had not begun, he was not being paid, and he was intoxicated. Id.
Similar to the officer in Clickner, Paul Meaney was off-duty and using a private vehicle for his personal use. An inference can also be made from the record that Paul Meaney was under the influence of alcohol the morning of February 12, 1999. Moreover, he was driving a private vehicle which lacked any signs of authority, and had his wife in the vehicle during the high-speed pursuit.
The Rules and Regulations for the Government of the Police Department of the City of Woburn (“the Regulations”) provide guidance in the determination of whether Paul Meaney was acting within his scope of employment. The Regulations provide:

REQUIRED CONDUCT:

13. Duty Status — Although officers of the force are assigned specific hours of regular duty, they shall be considered on duty at all times for the preservation of the public peace and the protection of life and property, and shall be prepared to take all reasonable police action to accomplish this purpose. All serious matters of public concern shall receive immediate attention, even though an officer is not on duty at the time.

*763
“PROHIBITED CONDUCT:

22. Use of Private Vehicles — While an officer is on regular department duty, he shall not drive a private vehicle to his duty assignment or cover his duty assignment in or with a private vehicle unless authorized to do so by the Chief or his Commanding Officer. If an officer’s private vehicle is used upon orders of a superior officer, he shall be protected as if he were in a police vehicle.
_ Paul Meaney alleges his pursuit of O’Brien occurred only after receiving confirmation from a fellow officer authorizing him to do so. The record lacks any evidence that Paul Meaney was authorized by a superior officer to use a civilian vehicle to pursue O’Brien. A reasonable juror could conclude that Paul Meaney’s actions did not constitute “reasonable police action” given that he had consumed alcohol and his wife was in the vehicle during the high-speed chase. Therefore, this court finds that the record contains a genuine issue of material fact from which a reasonable juror may infer that Paul Meaney was not acting within the scope of employment on February 12, 1999. Accordingly, Paul Meaney’s motion for summary judgment is DENIED.

ORDER

For the foregoing reasons, it is hereby ORDERED that Defendant Paul Meaney’s motion for summary judgment is DENIED.