Tucker, Richard T., J.

INTRODUCTION

This is a tort action in which the plaintiff, Randy Martineau (“Martineau”), seeks damages from the defendants, DV-8 Productions, Inc., d/b/a Club Red 1988, Balbek Development, LLC, Paul Saleba, and Jarrett J. Watkins (“Watkins”), for injuries he sustained during an altercation at a bar/nightclub. The matter is before the court on Watkins’ motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) or, alternatively, for reconsideration of the court’s prior ruling allowing late amendment of Martineau’s complaint to add Watkins as a defendant.[3] For the reasons set forth below, Watkins’ motion is DENIED.

FACTUAL BACKGROUND

The following facts are drawn from the complaint and taken as true for the purposes of this motion. See Iannacchino v. Ford Motor Co., 451 Mass. 623, 625 n.7, 636 (2008).
On the night of April 2, 2005, Martineau was a patron of Club Red 1988 (“Club Red”), a bar/nightclub located at 41 Pleasant Street in Worcester, Massachusetts. That same night, Watkins was working paid detail at Club Red and was dressed in his Worcester Police uniform. According to the complaint, Watkins was under the control of Paul Saleba, Club Red’s owner and manager, and his brother, Daniel Saleba, who was apparently Club Red’s co-manager, but who has not been named as a defendant.
At some point during the evening, Watkins assaulted and battered Martineau with a night stick, causing serious injuries. Another agent or employee under the defendants’ control dragged Martineau down a number of stairs, causing his head to “bounce” off the stair before another club patron intervened.
In his second amended complaint, Martineau alleges six counts of negligence and assault and battery against Daniel Saleba, Paul Saleba and Balbek Development, LLC, and one count of negligence against “all defendants.”
Watkins has moved to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) on the grounds that (1) Martineau has failed to assert cognizable claims against Watkins; (2) any negligence claim against Watkins is barred by G.L.c. 258, §2, which precludes tort claims against public employees; and (3) Martineau has failed to comply with the presentment requirement of G.L.c. 258, §4.

DISCUSSION

The Supreme Judicial Court has adopted the standard of review for motions to dismiss set forth by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), which states: “While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his entitle[ment] to relief requires more than labels and conclusions ... Factual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ...” Iannacchino, 451 Mass. at 636, quoting Bell Atl. Corp., 550 U.S. at 555-56 (internal quotations omitted). Under this heightened standard, what is required at the pleading stage are factual allegations that possess enough heft to show that the pleader is entitled to relief. Id.
Although Martineau has not included separate labeled counts against Watkins, he has pled sufficient facts to plausibly suggest an entitlement to relief against Watkins for negligence and assault and battery.[4] Iannacchino, 451 Mass. at 636; see also Lambley v. Kameny, 43 Mass.App.Ct. 277, 280 (1997) (“[T]he label attached to a pleading or motion is far less important than its substance”).
Watkins contends that he must be dismissed from the action because, at the time of the alleged conduct, he was acting within the scope of his employment as an officer of the Worcester Police Department.[5] Under G.L.c. 258, §2, a public employee is immune from liability for negligent or wrongful acts committed “while acting within the scope of his office or employment.” Courts look to common-law agency principles to determine whether an individual was acting within *375 the scope of public employment. See Clickner v. Lowell 422 Mass. 539, 542 (1996).
Although Watkins insists that he was assigned to Club Red in his official capacity as a Worcester Police officer, the complaint alleges that Watkins was subject to the Salebas’ control at all relevant times. Whether a police officer working paid detail at a private nightclub was acting within the scope of his public employment, or whether he was instead under the control of the private nightclub owners and managers, is a question of fact. See Davis v. DelRosso, 371 Mass. 768, 771-72 (1977).[6] While the claims against Watkins may be ripe for summary judgment, they cannot be resolved on a motion to dismiss. The plaintiff shall be entitled to conduct discovery to determine whether and to what extent the Salebas oversaw details of Watkins’ conduct.
As to so much of the complaint as alleges assault and battery against Watkins, the Tort Claims Act does not bar Martineau’s claim regardless of whether Watkins was purportedly acting within the scope of his public employment, as public employees may be held liable in their individual capacities for intentional torts, including assault and battery. Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 286 n.9 (1985) (“While public employers .. . may not be held liable for intentional torts committed by their employees, the employees may be personally liable for any harm they have caused”).
Because Martineau has sued Watkins in his individual capacity, and because the court accepts as true for the purposes of this motion to dismiss Martineau’s allegation that Watkins was not acting within the scope of his public employment at the time of the incident, the presentment requirement of G.L.c. 258, §4, does not apply. Accordingly, Watkins is not entitled to dismissal on this ground.

ORDER

For the foregoing reasons, it is hereby ORDERED that defendant Jarrett J. Watkins’ motion to dismiss or, alternatively, for reconsideration of the court’s ruling allowing late amendment adding Watkins as a defendant be DENIED.

Having already rejected the arguments against allowing Martineau’s motion to amend after due consideration, the court is not inclined to reconsider its decision to allow the amendment.

The “(sjavage and uncontrolled” nature, (Second Am. Compl., par. 38), of Watkins’ alleged conduct is difficult to reconcile with a claim for simple negligence. At this stage, however, the court is inclined to let the matter go forward with discovery to determine whether, based on the events alleged, Martineau can establish the elements of a negligence claim against Watkins in his individual capacity.

Watkins has attached to his motion to dismiss a copy of the Worcester Police Department Detail Policy, which purports to show that Worcester pays for and controls its police officers while they are working paid details. Because this document concerns matters outside the pleadings and is not itself dispositive of the issue of control, the court shall exclude it from its consideration of this motion to dismiss. See Mass.RCiv.P. 12(b).

Watkins points out that Davis was decided prior to the enactment of the Tort Claims Act, G.L.c. 258, in 1978. Although the statute affects a plaintiffs right to relief against a public employee for torts committed while acting within the scope of his employment, nothing in the statute changes the factual nature of the inquiry into whether an individual was acting within the scope of public employment such that immunity attaches.