Curran, Dennis J., J.
On September 20, 2006, Robert Marshall’s foot was crushed when James Cheatham drove his car over it. Marshall sued Cheatham under a theory of negligence and his employer Northrop Grumman Information Technology under respondeat superior. Northrop Grumman has moved for summary judgment under Mass.R.Civ.P. 56, arguing that it cannot be liable because Marshall’s injury did not occur within the scope of Cheatham’s employment. For the reasons that follow, Northrop Grumman’s motion is DENIED.
BACKGROUND
The summary judgment record sets forth the following facts, taken in the light most favorable to the plaintiff, the non-moving party.
Marshall worked as a security officer at the Hanscom Air Force Base. Access to this military base is tightly controlled: two entrances exist, one for civilian vehicles, and a second for military/government-credentialed individuals. At approximately 7:30 a.m. on September 20, 2006, Marshall was working at the *274 military security gate performing inspection checks on vehicles entering the base. This process consisted of checking vehicle inspection stickers and decal stickers, and then checking drivers’ computer-access cards (“CACs”), which are government-issued military identification cards.
At the time of the injury, Cheatham worked on the base for the defense contractor, Northrop Grumman. When Cheatham arrived that morning in his personal car, Marshall stopped him and asked to see his credentials. Cheatham gave Marshall his CAC, which Cheatham reviewed and returned to him. As he was pulling away, Cheatham fumbled with his wallet, and in doing so, drove over Marshall’s foot.
Northrop Grumman employees, including Cheatham, could not enter the base for work without showing a CAC. Cheatham received his CAC as part of his employment after Grumman applied for it on his behalf. The United States Air Force does not permit its defense contractor’s workers onto the base without passing through such a security point.
DISCUSSION
Under the established standard, summary judgment will be granted where, viewing the evidence in the light most favorable to the non-moving party, all material facts have been established, and the moving party is entitled to judgment as a matter of law. Cabot Corp. v. AVX Corp., 448 Mass. 629, 636-37 (2007). “The moving party must establish that there are no genuine issues of material fact, and that the nonmov-ing party has no reasonable expectation of proving an essential element of its case.” Miller v. Mooney, 431 Mass. 57, 60 (2000). When the moving party does not bear the burden of proof at trial, it is entitled to summary judgment either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The summary judgment record is examined in the light most favorable to the nonmoving party. Foster v. Group Health, Inc., 444 Mass. 668, 672 (2005).
Northrop Grunman has moved for summary judgment arguing that Cheatham was not within the scope of his employment at the time of the injury. Employers are vicariously liable for the torts of their employees if the tortious behavior is performed within the scope of employment. “(C)onduct of an [employee] is within the scope of employment if it is of the kind he is employed to perform; if it occurs substantially within the authorized time and space limits; and if it is motivated, at least in part, by a purpose to serve the employer.” Wang Laboratories, Inc. v. Business Incentives, Inc., 398 Mass. 854, 859 (1986) (citations omitted). “It has long been settled . . . that travel back and forth from home to a fixed place of employment is not ordinarily regarded as incident to employment and the employer is not answerable for an employee’s torts in the course of such activity." Kelly v. Middlesex Corp., 35 Mass.App.Ct. 30, 32 (1993).
Northrop Grumman, relying on Clickner v. City of Lowell, 422 Mass. 539, 542-44 (1996), urges this court to hold that no reasonable jury could find that Cheatham arrived at work after he showed his CAC, was inspected, and permitted entry past the security checkpoint. In Clickner, a police officer used a department vehicle for personal use to attend an all-day golf tournament and awards soiree. After the ceremonies had concluded and while driving drunk to work, the officer tried to use his cell phone to call a subordinate. In doing so, his car crossed the centerline and crashed into another car, causing serious personal injuries. The Appeals Court held that the “momentary act of responding to a page was not enough to make his driving the automobile which had hitherto been for a day-long personal excursion an activity within the scope of his employment.” Id. at 544.
This case is not Clickner. Here, Cheatham could not perform his job without showing his CAC and being permitted access to the base. His job access was expressly conditioned upon displaying proper credentials to the satisfaction of the security officer. Entry onto this government military base was tightly controlled—for obvious reasons. There was no reason for Cheatham to be on that base except to work. A reasonable jury could find that Cheatham stopped commuting to work after being permitted onto the base—and not before. In other words, Cheatham was permitted entry only after he had displayed his CAC and passed inspection on several marks. At that point, viewing the evidence in a light most favorable to Marshall, Cheatham was at work advancing his employer’s interest. Thus, whether Cheatham was acting within the scope of his employment is a question of fact appropriate for resolution by a factfinder. I decline to truncate such factual inquiry.
Northrop Grumman argues that Cheatham was “ ‘neither on duty nor in a place helpful to his employer’ at the time of the incident,” and that “even after entering the external security checkpoint, his was not [the] conduct of the kind [he was] hired to perform occurring ‘within authorized time and space limits,’ ” citing Clickner at 542 and 543.1 respectfully disagree. See Lev v. Beverly Enterprises-Massachusetts, Inc., 457 Mass. 234, 243-44 (2010).
ORDER
For the foregoing reasons, the defendant Northrop Grumman Information Technology’s motion for summary judgment is DENIED.